18483

Donald WHEELER, Sr., Appellant, v. STATE of South Carolina *et al.*, Respondents

(147 S. E. (2d) 627)

*J. Lewis Cromer, Esq.,* of Columbia, for *Appellant,*

Messrs. *Daniel R. McLeod, Attorney General,* and *Edward B. Latimer, Assistant Attorney General,* of Columbia, and *B. O. Thomason,* of Greenville, *for Respondents,*

March 31, 1966.

LEGGE, Acting Justice.

This is an appeal from a circuit court order discharging a writ of *habeas corpus.*

Appellant, a prisoner in the South Carolina State Penitentiary, based his petition for the writ upon the single ground that by reason of his having been held prisoner in the Greenville County jail for more than eight months between his arrest in the latter part of February, 1964, and his trial early in November of that year, he had been denied the right to speedy trial guaranteed by Section 18 of Article

1 of the Constitution of South Carolina. Upon this petition the Honorable John Grimball, Judge of the Fifth Judicial Circuit, issued the writ on March 6, 1965; and the respondents having made return thereto alleging that the petitioner had been convicted and sentenced in accordance with due process of law and without abridgement of his rights, the matter was heard before Judge Grimball on March 13, 1965. By his order of March 30, 1965, he discharged the writ and remanded the petitioner to custody.

The facts, as stated in the order under appeal, were as follows:

At the March, 1964, term of the Court of General Sessions for Greenville County, appellant and several other persons were indicted for housebreaking, safe-cracking and larceny, and also, by a separate indictment, for possession of tools to be employed in a crime (Code, 1962, Section 16-302). Thereafter, the Solicitor was informed by two attorneys of the Greenville County bar that they had been employed to represent the defendant Wheeler (appellant here) and certain other of the defendants named in the two indictments. No demand for a trial was made by these attorneys. Subsequently, on September 4, 1964, two other defendants, also represented by the same counsel, pleaded guilty to safe-cracking, the State agreeing to recommendation to mercy, and they were thereupon sentenced by the Honorable Frank Eppes, then presiding in that circuit. At that time the Solicitor was notified by said attorneys that they were withdrawing from the representation of Wheeler on both the indictment for housebreaking, safe-cracking and larceny and the indictment for possession of tools to be employed in a crime. Thereafter, prior to the opening of the October, 1964, term, Wheeler was brought before the Honorable James B. Morrison, who was to preside at that term, and he appointed two other attorneys of the Greenville County bar to represent Wheeler. Upon the call of the case for trial, during the first week of the October term, Wheeler's counsel moved for a continuance upon the ground that his

wife, a witness on his behalf, could not be present during that week. Judge Morrison granted the motion and continued the case until November 4, which was in the second week of the term. On November 4, after a jury had been drawn and sworn, and after the first witness for the State had testified, the defendant Wheeler entered a plea of guilty to the charge of having possession of tools to be employed in a crime, and the State agreed to *nol pros* the case pending against him for housebreaking, safe-cracking and larceny, which was done on the following day. Upon this plea, Judge Morrison sentenced him to imprisonment for four years. From this trial and sentence no appeal was taken.

At the hearing before Judge Grimball pursuant to the writ, appellant testified: that his arrest had taken place on the night of February 19 or 20, 1964; that he was then "booked" for investigation; that two or three days later he, along with several other persons, was charged with housebreaking, safe-cracking and possession of burglary tools; that he was indicted in March; that in May or June he was represented at a "preliminary hearing" by a member of the Greenville County bar who was an attorney for another defendant; that he had been unable to make bail, which had been first set at $15,000.00 and later had been reduced to $10,000.00; and that a month or two before his trial he had mailed to Judge Eppes a petition for a writ of *habeas corpus,* asking that he be tried or released, but that he had received no response; and that he had also given a copy of that petition to the jailers at the county jail. (The record before us contains no further reference to that petition, nor was a copy of it offered in evidence.) He also testified that he had written to the Honorable C. C. Wyche, Judge of the District Court of the United States for the Western District of South Carolina, concerning the delay in bringing him to trial, and that he had received a reply from the Honorable John C. Williams, United States attorney for that district. That reply, dated October 12, 1964, is in evidence; in it Mr. Williams advised that appellant's letter to Judge Wyche had

been forwarded to the appropriate Federal agency for investigation, and that appellant could rest assured that the matters referred to would be given prompt attention. Appellant testified further that on November 4, when his case was called for trial after having been continued from the week before on motion of his counsel, a motion was made by his counsel to quash the indictment upon the ground that appellant had been denied his constitutional right to a speedy trial; that this motion was overruled by Judge Morrison; that the case then proceeded to trial; and that after the State had offered testimony he pleaded guilty to the charge of having possession of burglary tools, the State agreeing to *nol pros* the pending cases of housebreaking, safe-cracking and larceny as to him and the other defendants.

A speedy trial is a part of the due process of law to which every person accused of crime is entitled under Article 1, Section 5 of the Constitution of South Carolina and under the Fourteenth Amendment to the Federal Constitution. (The Sixth Amendment is not in itself applicable to criminal trials in state courts, *State v. Hollman,* 232 S. C. 489, 102 S. E. (2d) 873; but it will be brought into play where the trial of the accused has been so unreasonably delayed as to deprive him of his right to due process under the Fourteenth Amendment. In re Sawyer's Petition (C.A. 7) 229 F. (2d) 805).

Whether or not a person accused of crime has been denied his constitutional right to a speedy trial is a question to be answered in the light of the circumstances of each case. A speedy trial does not mean an immediate one; it does not imply undue haste, for the state, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay. 21 Am. Jur. (2d), Criminal Law, Section 243. As was said in *Beavers v. Haubert,* 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950:

"The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It

secures rights to a defendant. It does not preclude the rights of public justice."

In his order here appealed from, the trial judge held that appellant had been accorded due process of law. He thus, by implication at least, held that the constitutional requirement of speedy trial had been met. While the fact that appellant was one of several persons charged in two separate indictments with four different crimes suggests a situation in which it might be expected that his trial would not have been had as promptly as if he had been indicted alone and for the single offense of possessing burglary tools, the record before us does not explain the delay in sufficient detail or with sufficient clarity to enable us intelligently to evaluate the soundness of the lower court's conclusion in that regard. Nor is it necessary that we do so, for even assuming that the delay was so unreasonable as to have violated the constitutional mandate before mentioned, appellant is not in position to invoke its protection.

The constitutional right of an accused to a speedy trial is a personal one, which he may waive by his conduct. Such waiver is generally inferred: (1) where he has failed to make timely demand that he be either tried or discharged; (2) where a continuance has been granted on his motion or with his consent; or (3) where he has voluntarily entered a plea of guilty without raising the question of denial of speedy trial. 21 Am. Jur. (2d) Criminal Law, Sections 252, 253, 254; Anno.: 129 A.L.R. 572 *et seq.*; 57 A.L.R. (2d) 302 *et seq.*

With regard to the first of these, it is clear from the record before us that no demand for trial or discharge was made prior to September, 1964, at least six months after indictment, and that such demand was made at that time is evidenced only by appellant's statement to the effect that about a month or two before his trial he mailed to Judge Eppes a petition for a writ of *habeas corpus,* requesting that he be tried or released. We note, too, that

until September 4, 1964, appellant was represented by retained counsel, and that there is no suggestion in the record that any request for his trial was made by them during the period of their representation of him or at the time of their withdrawal from such representation. It may be noted also that if in fact demand for his trial was made in September, his case was called for trial at the term that commenced in the following month.

As to the second ground of waiver before mentioned, it is undisputed that upon the call of the case at the October term a continuance was granted on appellant's motion.

That appellant's counsel moved, upon the call of the case following its continuance, to quash the indictment upon the ground that he had been denied his constitutional right to a speedy trial, is of no avail to him in the present proceeding, for two reasons: (1) he had no standing at that time to assert such right because it had been waived by his having demanded, and been granted, a continuance the week before; and (2) after the motion to quash had been denied, he voluntarily entered a plea of guilty without reservation of any right that he may have had under the motion.

*Habeas corpus* is not a substitute for appeal; and where a non-jurisdictional issue has been presented to and ruled upon by the trial court review of that ruling, if desired by the defendant, must be had by appeal and may not be had by *habeas corpus*. 25 Am. Jur., *Habeas Corpus,* Sections 14, 28, pages 152, 162; *Wyatt v. State,* 243 S. C. 197, 133 S. E. (2d) 120; *Tyler v. State,* S. C., 145 S. E. (2d) 434. Here the defendant, if aggrieved by the trial court's rejection of his contention that he had been denied his constitutional right to a speedy trial, could have questioned that judgment by appeal. He did not do so; and since that issue was not jurisdictional, *Patton v. United States,* 281 U. S. 276, 50 S. Ct. 253, 74 L. Ed. 854, 70 A.L. R. 263, *Levine v. United States* (C.A. 8), 182 F. (2d)

556, cert. den. 340 U. S. 921, 71 S. Ct. 352, 95 L. Ed. 665, he could not question it in this proceeding.

We commend appellant's counsel, appointed by the court to represent him in the hearing on the writ before Judge Grimball, for the able and diligent performance of his duty there and for his careful preparation and vigorous presentation of this appeal.

Affirmed.

Moss, Acting C. J., and LEWIS, BUSSEY and BRAILSFORD, JJ., concur.