19807

The STATE, Respondent, v. Adolphus MONROE, Appellant

(204 S. E. (2d) 433)

*Costa M. Pleicones, Esq.,* of Columbia, *for Appellant,*

*James L. Mann, II, Asst. Sol., Esq.,* of Columbia, *for Respondent,*

April 11, 1974.

BRAILSFORD, Justice:

On August 3, 1970, while serving a six-year sentence for robbery and being subject to a consecutive two-year sentence for resisting an officer, the appellant escaped from the Richland County chain gang. He remained at large until June 2, 1972, when he was arrested in New Jersey. He was returned to South Carolina July 26, 1972, and was committed to the South Carolina Department of Corrections to resume service of his sentences. At that time his earliest release date, with good time deducted from the remainder of his sentences, was November 27, 1976.

On September 14, 1972, he filed a request for disposition of the escape charge for which a detainer had been placed against him by Richland County authorities. This request was forwarded to the circuit solicitor with a notice by the director of the Department of Corrections that the detainer would be removed and the warrant returned if no action was taken within 180 days. The detainer was in fact removed from appellant's file March 20, 1973. He was indicted for escape by the Richland County Grand Jury on

April 2, and, represented by the public defender, was tried and convicted on April 11, 1973. He was sentenced to two and one-half years to be served after completion of service of existing sentences.

This appeal is from the denial of appellant's pretrial motion to quash the indictment and dismiss the charge because of the State's failure to bring him to trial within 180 days of his demand therefor, as required by the 1965 Interstate Agreement on Detainers Act, Sec. 17-221, 1971 cumulative supplement, Code of 1962, and because of the denial by the State of his constitutional right to a speedy trial.

The first ground of the motion is wholly without merit because no interstate detainer, to which alone the Act invoked by the motion applies, is involved. Appellant's argument that the Act should be construed as applicable to intrastate detainers is largely one of policy, more properly directed to the legislature. In fact, this Act was proposed to the state legislatures for adoption by the Council of State Governments in 1957 with a companion act concerned with the disposition of detainers within the state. The General Assembly saw fit to adopt the interstate statute, but has not yet enacted the companion legislation. To adopt the construction urged upon us would amount to impermissible judicial legislation.

Every person accused of crime is entitled to a speedy trial under Article I, Section 18 of the Constitution of South Carolina and the Sixth and Fourteenth Amendments to the Constitution of the United States. *Klopfer v. North Carolina,* 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. (2d) 1 (1967). This is a relative right which admits of delays and depends upon circumstances. *Beavers v. Haubert,* 198 U. S. 77, 25 S. Ct. 573, 49 L. Ed. 950 (1905). "Whether or not a person accused of crime has been denied his constitutional right to a speedy trial is a question to be answered in the light of the circumstances of each case. A speedy trial does not mean an immediate one; . . . it simply means a trial without unreasonable and

unnecessary delay." *Wheeler v. State*, 247 S. C. 393, 400, 147 S. E. (2d) 627, 630 (1966).

In *Barker v. Wingo*, 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. (2d) 101 (1972), the Court, speaking through Mr. Justice Powell, recognized that such cases must be approached on an *ad hoc* basis and suggested four factors which courts should assess in determining whether a defendant has been deprived of this right, to wit: "Length of delay, the reason for the delay, the defendant's assertion of his right, and prejudice to the defendant." 407 U. S. at 530, 92 S. Ct. at 2192.

■ Here, the *length of delay* between the return of appellant to custody in South Carolina and his trial (some eight and one-half months) was undesirably long, but not extravagantly so nor, under existing circumstances, oppressive.

The *reason for the delay* was a badly overcrowded docket, making it difficult for the State to reach defendant's case for trial by jury. While this would not excuse inordinate delay, the record indicates that the solicitor's office was exerting every effort to dispose of its case load. Nothing in the circumstances would suggest that appellant was entitled to priority.

■ The appellant *asserted his right* by filing a request for disposition. Although this was filed under an inapplicable statute, it conveyed notice to the prosecutor of appellant's request.

*Prejudice to the appellant,* if any can be inferred, was minimal. During the period of delay, he was fully occupied serving time under valid sentences for which he received full credit. His guilt of the charge was manifest, and he neither had nor attempted any defense. The delay did not cost him the opportunity to have the court consider the imposition of a concurrent sentence. His eventual release date will be postponed by the time he spent at large in New Jersey, but not by the delay in disposing of the escape charge after his return to custody.

On the whole case, we cannot say that the trial judge erred in concluding that the appellant had not been deprived of his constitutional right to a speedy trial.

We find no merit in appellant's final claim that the trial judge erred in "assuming a prosecutorial role" by eliciting certain information from a State's witness. The questions propounded were not improper and resulted ,in no prejudice to appellant.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY and LITTLEJOHN, JJ., concur.