19928

Ex parte the STATE of South Carolina, Appellant. In re Joseph Norman BRITTIAN, Child Under the Age of Seventeen Years, Respondent.
(210 S. E. (2d) 600)

*Messrs. Daniel R. McLeod, Atty. Gen., Robert M. Ariail, Asst. Atty. Gen.,* and *Wade S. Kolb, Jr., Staff Attor-*

364

*ney,* of Columbia, *for Appellant,*

*Messrs. Corley, Sandlin & Perry,* of Columbia, *for Respondent.*

December 12, 1974.

LITTLEJOHN, Justice:

Judge J. McNary Spigner, of the Family Court of Richland County, dismissed charges against Joseph N. Brittian. The State has appealed.

On February 12, 1974, two petitions were filed in the Family Court of Richland County against Brittian. He was charged with shoplifting and possession of marijuana. The hearing was scheduled for 3:30 p. m. on March 28.

On the day before the scheduled hearing the prosecutor, Jan Strifling, learned that an essential witness, a chemist

from SLED, would be unable to attend. Mr. Strifling informed counsel for Bittian and Special Judge Herbert W. Louthian of the family court that the prosecution elected not to call the case for trial as scheduled.

Notwithstanding such notice, Brittian's counsel appeared at the time scheduled for the hearing and was ready to proceed. No one was present to prosecute and Brittian's counsel moved to dismiss the case. Judge Louthian overruled the motion and continued the case "in the interest of justice and fairness to the prosecution."

The hearing was rescheduled for April 5, at which time Judge Spigner was presiding over the same court. Present for the hearing were attorney Bundt Wilson for the prosecution, and Brittian's counsel. Brittian's counsel renewed the motion for a dismissal and the same was granted by Judge Spigner, who based his decision on § 15-1190 of the South Carolina Code (1962). That section reads as follows:

"§ 15-1190. Hearing and adjournment thereof.—Upon the return of the summons or other process or after any child has been taken into custody and at the time set for the hearing the court shall proceed to hear and determine the case. The court from time to time may adjourn the hearing and inquire into the habits, surroundings, conditions and tendencies of the child so as to enable the court to render such order or judgment as shall conserve the welfare of the child and carry out the objects of this chapter. During such adjournments the child may be placed in the custody of a parent, guardian, relative or other fit person and under the supervision of a probation officer if the court so directs."

It was the reasoning of Judge Spigner, and he so held in his order, that "The brief of the defense brings to the Court's attention Section 15-1190 which is not in conflict with Chapter 6.1 of Title 15, South Carolina Code of Laws, 1962. The Section requires in part '. . . at the time set for hearing the Court shall proceed to hear and determine the case.' "

The State argues that § 15-1190 is not a part of the all inclusive Family Court Act, § 15-1095 *et seq.* There is no provision in the Family Court Act which governs the control and handling of cases.

The first question we are called upon to answer is, "Did the failure of the State to proceed with the prosecution at the scheduled time necessitate or warrant dismissal of the case?"

Assuming without so deciding that § 15-1190 is applicable to a proceeding in the Family Court of Richland County, we are of the opinion that the failure of the State to prosecute as scheduled does not warrant a dismissal of the case by the judge.

Even if the section is applicable, it cannot be interpreted in a manner that would undermine the purpose and spirit of the Family Court Act. Section 15-1095.19 of the Family Court Act states, "The hearings shall be conducted in an informal manner and may be adjourned from time to time." Although an adjournment is not the same as continuing a case, there is no necessity to distinguish the two in the informal and relaxed setting of a family court. Both the welfare of the child and the general welfare of the public must be considered by the family court.

Section 15-1095.20(e) provides that the family court may dispose of a case by dismissal *after* "a finding of the facts." However, there is no provision granting the court the power to dismiss a case *before* a hearing.

21 Am. Jur. (2d) Criminal Law, § 517 (1965) reads in part:

"A statute may authorize the court, either of its own motion or on the application of the prosecuting officer, to order an indictment or prosecution dismissed. But in the absence of such a statute, a court has no power . . . to dismiss a criminal prosecution except at the instance of the prosecutor. . . ."

In a recent Illinois case, *People v. Guido*, 11 Ill. App. (3d) 1067, 297 N. E. (2d) 18 (1973), the trial court dismissed misdemenaor charges for want of prosecution. On appeal it was held that a trial court in a criminal case did not have authority to dismiss a case on the ground that the State had failed to appear. The court based its decision, in part, on the fact that the State represents the people and the considerations of public safety and welfare are involved.

In *State v. Charles*, 183 S. C. 188, 190 S. E. 466 (1937), a discussion of a *nolle prosequi* (similar to a dismissal) was undertaken. This court said in part:

"In the absence of a statute, the court has no power to enter, or to direct the prosecuting officer to enter, a *nolle prosequi* . . ." 183 S. C. at 194, 190 S. E. at 468.

We are next called upon to decide whether one judge within the court has the authority to reverse the decision of another judge of the same court upon the same facts. The ruling of Judge Louthian was binding on all parties and, unappealed from, became the law of the case. Judge Spigner had the authority to proceed with the trial of the case, but he did not have authority to review the ruling of Judge Louthian under the circumstances.

It is obvious from a reading of the Rules of Practice and Procedure in the Family Courts promulgated pursuant to Act No. 1195 of 1968, that proceedings in the family courts are of an informal nature. The procedures need not conform to the strict rules observed in the circuit courts, but it is interesting to note that Rule No. 60 of the Circuit Courts deals with a similar problem. This rule forbids a circuit judge to grant an order after the first judge has refused it, and further provides that if upon such subsequent application any order be made, it shall be revoked.

The effect of Judge Spigner's ruling was to reverse Judge Louthian on an issue which had already been determined by the court. This he had no authority to do. A kindred

matter was before this Court in the case of *State v. Harrelson*, 211 S. C. 11, 43 S. E. (2d) 593 (1947). This Court held that one circuit judge has no power to review, revise or reverse the action of another circuit judge. Also see *Steele v. Charlotte, Columbia and Augusta R. R. Co.*, 14 S. C. 324 (1880).

Accordingly, the order is reversed and the case is remanded.

Moss, C. J., LEWIS and BUSSEY, JJ., and J. B. NESS, Acting Associate Justice, concur.