## 20455

The STATE, Appellant, v. John RIDGE, Respondent.

(236 S. E. (2d) 401)

*Daniel R. McLeod, Atty. Gen., Joseph R. Barker, Asst. Atty. Gen., James C. Anders, Sol.,* and *Dennis Bolt, Asst. Sol.,* of Columbia, *for Appellant,*

· *Terrell L. Glenn* and *Thomas H. Pope, III,* of Columbia, *for Respondent,*

June 22, 1977.

GREGORY, Justice.

This case concerns the dismissal of two indictments with prejudice over the objection of the solicitor. The State appeals. We find the trial judge erred, and reverse.

Respondent was charged by the Richland County Grand Jury in two indictments with possession and sale of drugs. Trial was scheduled in the Court of General Sessions for Richland County and was postponed twice by the Solicitor's Office, once by respondent and once by agreement of the parties. Finally, an assistant solicitor scheduled the case for the morning of July 26, 1976.

On that morning respondent's counsel ("counsel") appeared with respondent and witnesses. The solicitor was also present. What then occurred is not altogether clear from the record. Apparently the solicitor had set only one indictment for trial. Counsel therefore made a motion in chambers for the indictments to be consolidated, as they involved similar incidents and the same witnesses. It is inferable that the judge granted this motion.

In any event, before the trial started (the jurors had not yet been drawn) the solicitor told counsel he would not try the case because one of the State's important witnesses was on vacation. In open court the solicitor, counsel and the judge conferred. Counsel moved to dismiss the case for lack of prosecution. No motion for dismissal on the ground of denial of a speedy trial was ever made. The judge ordered the solicitor to try the case or dismiss it, whereupon the solicitor offered to enter a *nolle prosequi* on one indictment, which he said was the only one he had "called" (set) for trial. The judge rejected his offer and dismissed both indictments with prejudice.

Later in the day the solicitor stated for the record that he had not, that morning, "called" either indictment for trial.

Appellant argues essentially that the trial judge improperly interfered with the solicitor's control over the case.

"[T]he solicitor has authority to call cases in such order and in such manner as will facilitate the efficient administration of his official duties, subject to the overall broad supervision of the trial judge." *State v. Mikell,* 257 S. C. 315, 322, 185 S. E. (2d) 814, 816-17 (1971). The supervision of the judge does not extend to or justify the dismissals here.

In this State, the entering of a *nolle prosequi* at any time before the jury is impaneled and sworn is within the discretion of the solicitor; the trial judge may not direct or prevent a nol pros at that time. *State v. Charles,* 183 S. C. 188, 190 S. E. 466 (1937). The only exception to this rule is when the judge finds the solicitor has acted corruptly. *State v. Charles, supra.* Other jurisdictions have expanded this exception somewhat, to include "capricious and vexatiously repetitious" exercise of the right to nol pros. See *District of Columbia v. Dixon,* 230 A. (2d) 481 (D. C. App. 1967); *State ex rel. Bokowsky v. Rudman,* 111 N. H. 57, 274 A. (2d) 785 (1971).

We find neither corrupt nor capricious exercise of the right to nol pros in this case. Furthermore, it does not appear that the solicitor was harassing respondent with repeated delays of the case. The trial judge might have correctly concluded that the solicitor was derelict in his duty of marshalling his witnesses; from the record we cannot say. But regardless, the judge erred in refusing to allow the solicitor to enter the nol pros, because he did not find the solicitor was acting corruptly or capriciously. Thus we find the lower court erred in refusing to allow the solicitor to nol pros the indictment he attempted to.

There remains the question of the second indictment. In *In re Brittian,* 263 S. C. 363, 366, 210 S. E. (2d) 600, 601 (1974), this Court quoted with approval 21 Am. Jur. (2d) Criminal Law, § 517 (1965):

"A statute may authorize the court, either of its own motion or on the application of the prosecuting officer, to order an indictment or prosecution dismissed. But in the absence of such a statute, a court has no power . . . to dismiss a criminal prosecution except at the instance of the prosecutor. . . ." We adhere to this statement and apply it to the present case.

Accordingly, the order dismissing both indictments is

Reversed.

LEWIS, C. J. and LITTLEJOHN, J., concur.

NESS and RHODES, JJ., dissent.

RHODES, Justice (dissenting):

We are presented in this case with an appeal by the State from the trial judge's dismissal of two indictments with prejudice. Finding no error of law, I would affirm.

The Richland County Grand Jury returned true bills against the respondent on indictments 75-G.S.-40-2743 and 75-G.S.-40-2817. Both indictments charged the respondent with illegal possession and sales of drugs. The first indict-

ment was returned on October 20, 1975, and related to an alleged transaction on December 5, 1974. The second was returned on December 8, 1975, and related to an alleged transaction on December 11, 1974. Prior to the indictments, the respondent was arrested and formally charged on January 29, 1975.

The matter was scheduled for trial and postponed on four occasions. It was originally scheduled for the week of December 15, 1975, but was postponed by the solicitor's office. It was next set for February 17, 1976, by the solicitor but was continued at the request of the respondent's counsel, who was trying another case at the time. The case was next set for the May 1976 term of court. However, it was continued at the mutual convenience of both the solicitor's office and the respondent. On July 14, 1976, the case was again scheduled for trial but was continued by the solicitor after the respondent's subpoenaed witnesses had appeared for trial. Following discussions with the solicitor's office, counsel for the respondent was assured that the matter would be rescheduled for July 26, 1976. The respondent's counsel advised the solicitor's office by letter that, due to the many previous postponements and continuances, he was anxious to have the matter disposed of as scheduled, since it was the last week of the General Sessions term.

On July 26, 1976, the respondent, his counsel, and the respondent's subpoenaed witnesses, several of whom were from Anderson County, appeared in court for the trial. At that time, an assistant solicitor appeared before the trial judge and stated that the case would not be tried because a crucial State's witness (the drug custodian of the Richland County Sheriff's Department) was absent on vacation. At that point, counsel for the respondent, noting a previous motion for consolidation of the two indictments (which motion the trial judge had granted), moved that both indictments be dismissed for lack of prosecution. During the course of the ensuing argument, the assistant solicitor noted that only

one indictment, the one of October 20, 1975, had been scheduled for trial, and he sought to enter a *nolle prosequi* as to that one. The trial judge, however, advised the assistant solicitor either to try the matter or to have it dismissed. The State did not proceed, contending that it could not go forward at that time. The trial judge refused to permit a *nolle prosequi* as to either indictment and dismissed both with prejudice. The State (appellant) timely filed Notice of Intention to Appeal, and the matter is now before this Court.

In my view, the trial judge's dismissal of the indictments was proper as a means of safeguarding the respondent's right to a speedy trial. This right is guaranteed by Article I, § 14 of the South Carolina Constitution, as amended, and the Sixth and Fourteenth Amendments to the Constitution of the United States.

The court has the authority to dismiss a prosecution where the defendant would otherwise be denied his constitutional right to a speedy trial. See 21 Am. Jur. (2d), Criminal Law, § 255. Every person accused of a crime is entitled to a speedy trial under the constitutional provisions above cited. See *Klopfer v. State of North Carolina*, 386 U. S. 213, 87 S. Ct. 988, 18 L. Ed. (2d) 1 (1967). While a speedy trial does not mean an immediate one, it does mean a trial without unreasonable and unnecessary delay. *Wheeler v. State*, 247 S. C. 393, 147 S. E. (2d) 627 (1966). The facts of the instant case show that the proposed fifth delay (on July 26) was unreasonable and unnecessary.

As we stated in *State v. Monroe*, 262 S. C. 346, 204 S. E. (2d) 433 (1974), the United States Supreme Court has recognized that cases involving the issue of speedy trial must be approached on an *ad hoc* basis. That Court has suggested four factors which courts should assess in determining whether a defendant has been deprived of his right, namely, (1) length of delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) prejudice to the

defendant. *Barker v. Wingo,* 407 U. S. 514, 92 S. Ct. 2182, 33 L. Ed. (2d) 101 (1972).

First, the length of delay, approximately eighteen months after the respondent's arrest, was substantial. Second, the primary reason for delay was the fact that a crucial witness for the State went on vacation. The absence of this witness gave the trial judge considerable concern, and, I think, rightly so. The solicitor's office should have taken the necessary steps to ensure the witness's presence for trial on July 26. Given the fact that the case had been postponed or continued already on four previous occasions, and the fact that the solicitor's office had assured the respondent's counsel that the case would be tried on July 26, it was inexcusable for the State to have failed to make arrangements for the witness's attendance. The inability and refusal of the State to go forward on the scheduled date, when the court, the respondent, and the respondent's witnesses were ready to proceed, accomplished nothing but more unnecessary delay and waste of the court's time.

Third, while the respondent made no formal motion for a speedy trial as such, his motion that the indictments be dismissed for lack of prosecution was the effective equivalent of a speedy trial motion. Resistance to postponement and a demand for trial by a defendant are sufficient to entitle a defendant to a discharge for undue delay in bringing him to trial. See 57 A. L. R. (2d) 302, 326. It should be noted that in the instant case, the trial judge pointed out that no formal speedy trial motion was served on the solicitor's office because the respondent's counsel was not notified until the day set for trial that the State would not proceed. The respondent's counsel was ready to try the case and made it clear to the court that he wished to do so, while the State was not ready. These facts negate any contention by the State that the respondent waived his right to demand a speedy trial by failing to have served on the solicitor's office a specific motion for a speedy trial.

Fourth, the respondent would have been prejudiced by any further delay in the trial of his case. He was a student in college and had already waited eighteen months for his case to come to trial. His education was hanging in the balance to a considerable degree, and he had been advised not to attend summer school because of the uncertainty about when the case would be disposed of. Moreover, the respondent would have run the risk of losing the attendance of his witnesses if the *nolle prosequi* had been allowed. These witnesses had come into court on at least one previous occasion and had obviously been prepared to testify in the respondent's behalf. The following statement serves to illustrate my point concerning prejudice to the respondent:

"It has been said that the basic policy underlying the constitutional guaranty [of the right to a speedy trial] . . . is to protect the accused from having criminal charges pending against him an undue length of time. . . . [The guaranty] relieves him of the anxiety and public suspicion attendant upon an untried accusation of crime; and, like statutes of limitation, it prevents him from being exposed to the hazard of trial after the lapse of so great a time that the means of proving his innocence may have been lost." 21 Am. Jur. (2d), Criminal Law, § 242.

Finally, I would reject the appellant's further contention that the trial judge had no authority to dismiss both indictments when the assistant solicitor had set only one indictment for trial on July 26. The record in this case discloses that the respondent had made a pretrial motion to consolidate both indictments. This was done prior to the State's revelation that it would not proceed to trial. The court, in granting the respondent's motion for consolidation, was acting within the proper limits of its discretion and authority. *State v. Williams,* 263 S. C. 290, 210 S. E. (2d) 298 (1974) ; *McCrary v. State,* 249 S. C. 14, 152 S. E. (2d) 235 (1967). In the case at bar, the record indicates that the offenses were the same, involved transactions at the same

location and with the same witnesses, and occurred within six days of each other. These factors clearly justified the consolidation of the indictments in this case. *McCrary v. State, supra*. It naturally and logically follows that, if the court could safeguard the respondent's right to a speedy trial by dismissing the one indictment actually called, the court could likewise dismiss with prejudice the second indictment which had been consolidated with the first.

The preceding discussion of the pertinent issues in this case satisfies me that the cases upon which the majority relies are inapplicable because the constittuional right to a speedy trial supersedes the principles set forth in these cases (*viz., State v. Charles; State v. Mikell; In re Brittian*). For the foregoing reasons, I would affirm the trial judge's action.

NESS, J., concurs.