825 F.2d 406
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Clarence HENDERSON a/k/a Edward Ronald Henderson, Plaintiff-Appellant,
v.
Claud MAJORS, Lt.; Robert Hughes; D.S.C. Patrick; State of
South Carolina; Attorney General of Columbia,
South Carolina, Defendant-Appellees.
Clarence HENDERSON a/k/a Edward Ronald Henderson, Plaintiff-Appellant,
v.
Claud MAJORS, Lt.; Robert Hughes; D.S.C. Patrick; State of
South Carolina; Attorney General of Columbia,
South Carolina, Defendant-Appellees.
 Nos. 85-6573, 86-7239
 United States Court of Appeals, Fourth Circuit.
 Submitted Dec. 12, 1986.
Decided July 20, 1987.
 
 Clarence Henderson, appellant pro se.
 William Henry Davidson, II, Nauful & Ellis, P.C., for appellees Majors and Hughes.
 John Wilson Patrick, for appellee Patrick.
 Frank Louis Valenta, Jr., Assistant Attorney General, for State of South Carolina and Attorney General of South Carolina.
 Before SPROUSE, WILKINSON and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Clarence Henderson, a South Carolina inmate, appeals the district court's denial of relief under 28 U.S.C. Sec. 2254 and 42 U.S.C. Sec. 1983, and its refusal to release him on bond. We affirm.
 
 
 2
 Henderson made the following allegations in his petition for habeas relief and his complaint for Sec. 1983 relief:
 
 
 3
 (1) he was denied the effective assistance of counsel;
 
 
 4
 (2) he was illegally arrested and was not promptly advised of his Miranda rights;
 
 
 5
 (3) he was shot by the alleged victim of the crime in violation of his right to be free from cruel and unusual punishment;
 
 
 6
 (4) counsel allowed contradictory testimony into the record; and
 
 
 7
 (5) the trial court allowed false testimony by the state's witnesses.
 
 
 8
 The state stipulated that Henderson had exhausted his state remedies. While noting that certain claims had never been presented to the South Carolina courts, the state maintained that this failure constituted a procedural default rather than a lack of exhaustion.
 
 
 9
 The district court agreed, rejecting Henderson's claim of ineffective assistance on its merits and finding that Henderson had waived federal habeas review of his remaining claims. As to Henderson's claim of use of excessive force by D.S.C. Patrick, the district court held that Patrick, a private citizen, was not amenable to suit under 42 U.S.C. Sec. 1983 because he did not act under color of state law.
 
 
 10
 We have reviewed Henderson's claims of ineffective assistance of counsel in light of transcripts of Henderson's trial and post-conviction hearing. Those records demonstrate neither incompetence on the part of counsel nor any prejudice resulting from the alleged failings to which Henderson points in his petition. Strickland v. Washington, 466 U.S. 668 (1984). Henderson's principal complaint is that counsel permitted the state to present what Henderson contends was false evidence against him. We perceive, however, no basis upon which counsel could have had the prosecution's evidence excluded. Defense counsel presented Henderson's version of events at trial--that the jury believed the state's witnesses over Henderson does not establish ineffective assistance of counsel.
 
 
 11
 Henderson also contends that his arrest was illegal and that he was not immediately read his Miranda rights. Miranda v. Arizona, 384 U.S. 436 (1966). The district court found these claims to be procedurally barred due to Henderson's failure to raise them at trial, on appeal, or in his first state post-conviction petition.
 
 
 12
 South Carolina's contemporaneous objection rule provides that all errors not raised at a time objection could afford the state courts an opportunity to resolve the matter are deemed waived. See, e.g., Peeler v. State, 277 S.C. 70, 283 S.E.2d 826 (1981); State v. Atchison, 268 S.C. 588, 235 S.E.2d 294 (1977). See also Williams v. Martin, 618 F.2d 1021 (4th Cir. 1980). Although the rule does not apply to jurisdictional defects, Wheeler v. State, 247 S.C. 393, 147 S.E.2d 627 (1977), or to claims not raised on appeal where petitioner failed to appeal through no fault of his own, see Miller v. Harvey, 566 F.2d 879 (4th Cir. 1977), neither of those situations obtains in this case. Thus, Henderson's failure to raise his fourth and fifth amendment claims at trial or on appeal bars federal habeas review of those claims absent a showing of cause and prejudice. Wainwright v. Sykes, 433 U.S. 72 (1977).
 
 
 13
 Although Henderson alleges that his arrest was illegal and that he was not promptly given his Miranda rights, he does not contend that any evidence derived from these alleged fourth and fifth amendment violations was used against him at trial. In fact, the record reflects that Henderson's pretrial statements were consistent with his testimony at trial and with his statements in his habeas petition. Moreover, Henderson's fourth amendment claim provides no basis for federal habeas relief unless state procedures did not afford him full and fair opportunity to litigate his claim in state court. Stone v. Powell, 428 U.S. 465 (1976). Henderson has made no such showing. Finding no prejudice resulting from the waiver of review on Henderson's fourth and fifth amendment claims, we affirm the district court's finding of procedural default.
 
 
 14
 As to the use of excessive force by citizen Patrick, we agree with the district court that Henderson has failed to show the action under color of state law necessary to state a claim under 42 U.S.C. Sec. 1983. Moreover, the use of such force does not afford Henderson a basis for challenging his conviction.
 
 
 15
 We accordingly affirm the judgment of the district court denying relief under 28 U.S.C. Sec. 2254 and 42 U.S.C. Sec. 1983. As Henderson's claims fail to establish a basis for federal habeas relief, the district court properly refused to release him on bond. Henderson's motion for appointment of counsel and application for release on bail are denied. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the Court, and argument would not significantly aid the decisional process.
 
 
 16
 AFFIRMED.