THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
The State,       
Appellant,
 
 
 

v.

 
 
 
James Arthur Banks, II,       
Respondent.
 
 
 

Appeal From Calhoun County
Diane Schafer Goodstein, Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-732
Submitted October 15, 2003  Filed December 16, 2003

REVERSED AND REMANDED

 
 
 
C. Cliff Rollins, of Blythewood, for Appellant.
Martin Rast Banks, of St. Matthews, for Respondent.
 
 
 

 PER CURIAM:  This is an appeal by the State 
 from an order of the circuit court affirming a magistrates dismissal of the 
 States charges against respondent, James Arthur Banks, II.  We reverse and 
 remand.
FACTUAL/PROCEDURAL BACKGROUND
On January 17, 2002, Banks was pulled over by Trooper 
 Smith and was subsequently charged with driving under the influence, driving 
 without a seatbelt and driving without a drivers license.  Respondent made 
 a motion to dismiss the charges for lack of probable cause of the officer to 
 make a stop.  A pretrial hearing was scheduled for February 19, 2002.  At that 
 time, the State was granted a continuance.  On March 14, 2002, the State sought 
 an additional continuance, which was granted over Banks objection.  On April 
 5, 2002, the State again sought a continuance, which was provisionally granted 
 upon the States appearance on April 8, 2002.  It appears from the record that 
 Trooper Smith either appeared in person or spoke on the phone with the magistrate, 
 and requested a continuance based on the unavailability of a Sgt. Webb.  The 
 magistrate, for unstated reasons, was supposed to be hearing from Sgt. Webb 
 when Trooper Smith made his third appearance.  Sgt. Webb at some point called 
 the magistrates office seeking a continuance, but the magistrate was not available 
 to speak with him.  Apparently, Sgt. Webb was unavailable to appear on behalf 
 of the State inasmuch as he was in Texas due to a death in his family. 
 [1]   The magistrate indicated he told Trooper Smith, dont come to court, 
 because he wanted to assure the trooper he need not appear in court at a time 
 when he was to be off duty since it was Sgt. Webbs testimony that the magistrate 
 needed to hear.  When Sgt. Webb failed to appear on April 8, the magistrate 
 dismissed the charges against Banks.  The magistrate found the State had been 
 granted continuances on February 19 and March 14, and a provisional continuance 
 on April 5, but the State failed to appear on the scheduled date of April 8.  
 Therefore, the magistrate granted Banks motion to dismiss.  
The State appealed to the court of common pleas, 
 arguing (1) the magistrates order dismissing the charges was ordered without 
 the participation of or notice to the prosecution, and was therefore an ex parte 
 order, and (2) even if there was proper notice to the prosecution, the magistrate 
 had no authority to dismiss criminal charges before the swearing of a jury or 
 the taking of testimony, without the participation or consent of the prosecution.  

The circuit court, by form order, remanded the 
 matter to the magistrate for clarification of the underlying basis for the courts 
 decision to dismiss the two charges. 
 [2]   Thereafter, the magistrate issued his clarification stating, while 
 he recognized the mere absence of a prosecuting officer in a traffic case was 
 not, alone, grounds for dismissal, that the State in this case had engage[d] 
 in a long train of abuses such that the court was left with no other choice 
 than to dismiss the case.  After considering argument of counsel and the magistrates 
 return as well as his clarification, the circuit court judge concluded the magistrates 
 dismissal should be affirmed on the basis that the State failed to appear.  

LAW/ANALYSIS
The State appeals arguing the magistrate erred 
 in dismissing the case under the present circumstances.  Specifically, the State 
 argues that the prosecutor has the sole discretion to dismiss or nol prosse 
 a criminal charge prior to trial and, absent an authorizing statute, a court 
 has no power to dismiss a criminal prosecution. [3]   We agree.
In criminal appeals from magistrate or municipal 
 court, the circuit court does not conduct a de novo review, but instead reviews 
 for preserved error raised to it by appropriate exception.  In reviewing criminal 
 cases, this court may review errors of law only.  State v. Henderson, 
 347 S.C. 455, 457, 556 S.E.2d 691, 692 (Ct. App. 2001) (citations omitted).
In Ex Parte State, 263 S.C. 363, 210 S.E.2d 
 600 (1974), our Supreme Court held the failure of the State to proceed with 
 the prosecution of a juvenile at the scheduled time did not warrant dismissal 
 of the case by the judge.  In that case, the prosecutor learned the day before 
 the scheduled hearing that an essential witness would be unavailable, and informed 
 defense counsel and the judge the prosecution elected not to call the case as 
 scheduled.  Counsel appeared on the scheduled date and moved to dismiss the 
 case since no one was present to prosecute.  While the motion was initially 
 denied by one judge, counsel subsequently renewed the motion before another 
 judge, which was granted.  In reversing the dismissal, our Supreme Court noted 
 an Illinois case wherein a trial court dismissed misdemeanor charges for want 
 of prosecution.  On appeal, the Illinois court held that in a criminal case, 
 the trial court did not have authority to dismiss a case on the ground that 
 the State had failed to appear.  The court further noted one of the bases for 
 the Illinois courts ruling was the fact that the State represents the people 
 and that considerations of public safety and welfare are involved.       
In State v. Ridge, 269 S.C. 61, 236 S.E.2d 
 401 (1977), our Supreme Court again encountered a situation where the lower 
 court dismissed charges for lack of prosecution.  There, a trial was scheduled 
 on two indictments charging Ridge with the possession and sale of drugs.  It 
 was postponed twice by the solicitors office, once by Ridge, and once by agreement 
 of the parties.  It was subsequently set to be tried and the solicitor appeared, 
 but before the jury was drawn and the trial started, the solicitor told counsel 
 he would not try the case because one of the States important witnesses was 
 on vacation.  Counsel moved to dismiss for lack of prosecution and the judge 
 ordered the solicitor to try the case or dismiss it.  When the solicitor offered 
 to nol prosse one of the indictments, the judge rejected the offer and dismissed 
 both cases with prejudice.  Our Supreme Court reversed the dismissal of both 
 indictments.  As to the first, the court noted the solicitor had the authority 
 to call cases in such order and manner as would facilitate the efficient administration 
 of his official duties, and, in this State, the decision of whether to nol prosse 
 at any time before the jury is impaneled and sworn is within the discretion 
 of the solicitor.  As to the second indictment the court quoted with approval 
 the following from Ex Parte State :

A statute may authorize the court, either of its own motion 
 or on the application of the prosecuting officer, to order an indictment or 
 prosecution dismissed.  But in the absence of such a statute, a court has no 
 power . . . to dismiss a criminal prosecution except at the instance of the 
 prosecutor. . . .

269 S.C. at 65, 236 S.E.2d at 402.    
In consideration of the above, we hold the magistrate 
 did not have the authority to dismiss the charges against Banks based on the 
 States failure to prosecute.  Accordingly, this case is 
REVERSED AND REMANDED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1] There 
 is some discrepancy in the record as to whether or not the magistrate was 
 made aware of the reason for Sgt. Webbs absence until after the magistrate 
 granted the dismissal.  

 
 [2] The 
 dismissal of the seat belt violation was not appealed to the circuit court.  
 

 
 [3] The 
 respondent did not file a brief in this appeal.