**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Arthur Moseley, Appellant.

Appellate Case No. 2014-000199

———————

Appeal From Williamsburg County
Clifton Newman, Circuit Court Judge
George C. James, Jr., Circuit Court Judge

———————

Unpublished Opinion No. 2016-UP-403
Heard June 8, 2016 – Filed August 24, 2016

———————

**AFFIRMED**

———————

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, Senior
Assistant Attorney General W. Edgar Salter, III, of
Columbia, and Solicitor Ernest Adolphus Finney, III, of
Sumter, for Respondent.

———————

**PER CURIAM:** Arthur Moseley appeals his convictions and sentences for murder, attempted armed robbery, criminal conspiracy, and possession of a weapon during a violent crime. He contends the circuit court erred in allowing him to represent himself when he informed the court of his history of mental illness. He also maintains his right to a speedy trial was violated when his trial was held thirteen years after the commission of the crime and eight years after his arrest. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in allowing him to represent himself when he informed the court of his history of mental illness: *State v. Barnes*, 407 S.C. 27, 35, 753 S.E.2d 545, 550 (2014) ("A South Carolina criminal defendant has the constitutional right to represent himself under both the federal and state constitutions."); *id.* (holding any criminal defendant may waive his or her right to counsel); *id.* ("So long as the defendant makes his request prior to trial, the only proper inquiry is that mandated by *Faretta*.[1]"); *id.* at 35-36, 753 S.E.2d at 550 ("Recognizing that it may be to the defendant's detriment to be allowed to proceed *pro se*, his knowing, intelligent and voluntary decision 'must be honored out of that respect for the individual which is the lifeblood of the law.'" (quoting *Faretta*, 422 U.S. at 834)); *id.* at 36, 753 S.E.2d at 550 ("Under *Faretta*, the trial judge has the responsibility to make sure that the defendant is informed of the dangers and disadvantages of self-representation, and that he makes a knowing and intelligent waiver of his right to counsel."); *id.* (declining "to impose a higher competency standard upon an individual who wishes to waive his right to an attorney and represent himself at trial than that required for the waiver of other fundamental constitutional rights afforded a criminal defendant, such as the right against compulsory self-incrimination; the right to trial by jury; and the right to confront one's accusers"); *id.* ("A defendant who is competent to stand trial is also competent to waive these fundamental rights and plead guilty."); *id.* ("[T]he Sixth Amendment guarantees every criminal defendant the 'right to proceed *without* counsel when he voluntarily and intelligently elects to do so.'" (emphasis added by court) (quoting *Faretta*, 422 U.S. at 807)).

2. As to whether his right to a speedy trial was violated when his trial was held thirteen years after the commission of the crime and eight years after his arrest[2]:

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

[2] The State contends this issue is unpreserved for review on appeal because the bulk of Moseley's argument at trial was based on the federal speedy trial act whereas here he focuses on the Sixth Amendment. Moseley did mention the Sixth

*State v. Palmer*, 415 S.C. 502, 518, 783 S.E.2d 823, 831 (Ct. App. 2016) ("A criminal defendant is guaranteed the right to a speedy trial."), *cert. pending*; *State v. Langford*, 400 S.C. 421, 442, 735 S.E.2d 471, 482 (2012) ("A court's decision on whether to dismiss on speedy trial grounds is reviewed for an abuse of discretion."); *id.* ("An abuse of discretion occurs when the trial court's decision is based upon an error of law or upon factual findings that are without evidentiary support." (quoting *Fields v. J. Haynes Waters Builders, Inc.*, 376 S.C. 545, 555, 658 S.E.2d 80, 85 (2008))); *id.* at 441, 735 S.E.2d at 481-82 (stating "[a] speedy trial does not mean an immediate one; it does not imply undue haste, for the [S]tate, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay" (alterations by court) (quoting *Wheeler v. State*, 247 S.C. 393, 400, 147 S.E.2d 627, 630 (1966))); *id.* at 440-41, 735 S.E.2d at 481 (noting the Supreme Court has found the right to a speedy trial different from other rights provided by the Constitution because "'[d]elay is not an uncommon defense tactic' and 'deprivation of the right to a speedy trial does not per se prejudice the accused's ability to defend himself'" (alteration by court) (quoting *Barker v. Wingo*, 407 U.S. 514, 521 (1972))); *id.* at 441, 735 S.E.2d at 481 ("Accordingly, '[t]he right to a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances.'" (alteration by court) (quoting *Beavers v. Haubert*, 198 U.S. 77, 87 (1905))); *id.* at 441, 735 S.E.2d at 482 (noting some factors courts should consider are "the length of the delay, the reason for it, the defendant's assertion of his right to a speedy trial, and any prejudice he suffered"); *id.* ("[N]one of these factors is 'either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.'" (quoting *Barker*, 407 U.S. at 533)); *Palmer*, 415 S.C. at 519, 783 S.E.2d at 832 ("These four factors are related and must be considered together with any other relevant circumstances."); *State v. Reaves*, 414 S.C. 118, 129-30, 777 S.E.2d 213, 219 (2015) ("[T]he determination that a defendant has been deprived of this right is

Amendment at one point when making his argument during trial, and the circuit court denied his motion for dismissal, finding the delay after the time of arrest was due to Moseley's request for continuances and failure to appear. Accordingly, we address this issue on the merits out of an abundance of caution. *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 330, 730 S.E.2d 282, 285 (2012) "[I]t may be good practice for us to reach the merits of an issue when error preservation is doubtful . . . ."); *id.* at 333, 730 S.E.2d at 287 (Toal, C.J., concurring in part and dissenting in part) ("[W]here the question of preservation is subject to multiple interpretations, any doubt should be resolved in favor of preservation.").

not based on the passage of a specific period of time, but instead is analyzed in terms of the circumstances of each case, balancing the conduct of the prosecution and the defense." (alteration by court) (quoting *State v. Pittman*, 373 S.C. 527, 549, 647 S.E.2d 144, 155 (2008))), *cert. denied*, 136 S. Ct. 855 (2016); *id.* at 130, 777 S.E.2d at 219 ("The length of the delay serves as a trigger mechanism for the analysis of the other three factors. The delay begins to be measured when a defendant is indicted, arrested, or otherwise accused. . . . However, there is no length of delay which is per se unconstitutional; the right to a speedy trial may be violated where the delay is arbitrary or unreasonable." (citations omitted)); *id.* ("Delays caused by the defendant should weigh against him."); *id.* ("The third factor—assertion of the right—recognizes that while a criminal defendant has no responsibility to bring himself to trial, the extent to which he exercises his right to a speedy trial is significant. This consideration prevents a criminal defendant from strategically acquiescing in a delay which works to his advantage, then asking the case be dismissed at the last moment once it is called for trial. Accordingly, 'the defendant's failure to assert the right, although not conclusive, makes it more difficult to show that the right was violated.'" (quoting *Pittman*, 373 S.C. at 550, 647 S.E.2d at 155) (citation omitted)); *Miller v. State*, 388 S.C. 347, 347, 697 S.E.2d 527, 527 (2010) ("Since there is no right to 'hybrid representation' that is partially *pro se* and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel.").

**AFFIRMED.**

**HUFF, KONDUROS, and GEATHERS, JJ., concur.**