**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Phillip Antonio Stackhouse, Appellant.

Appellate Case No. 2017-002048

_____

Appeal From Marlboro County
Steven H. John, Circuit Court Judge

_____

Unpublished Opinion No. 2020-UP-160
Submitted May 1, 2020 – Filed May 27, 2020

_____

**AFFIRMED**

_____

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Mark Reynolds Farthing, both of
Columbia; and Solicitor William Benjamin Rogers, Jr.,
of Bennettsville, all for Respondent.

_____

**PER CURIAM:** Phillip Stackhouse appeals his conviction and forty-two-year
sentence for murder. On appeal, Stackhouse argues the trial court erred in failing
to dismiss his indictment for murder because he was denied the right to a speedy

trial. The trial court did not abuse its discretion by refusing to dismiss Stackhouse's indictment for murder because Stackhouse's right to a speedy trial was not violated. Although Stackhouse experienced an eighteen-month delay between his arrest and his trial, the delay occurred when the State moved for a continuance of his original trial date because one of its witnesses was unavailable. Further, Stackhouse failed to show actual prejudice, and under the facts of this case, we find the eighteen-month delay was not presumptively prejudicial. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Hunsberger*, 418 S.C. 335, 342, 794 S.E.2d 368, 371 (2016) (stating an appellate court reviews a trial court's ruling on whether to dismiss an indictment based on speedy trial violations for an abuse of discretion); *id.* at 342, 794 S.E.2d at 371-72 (stating an abuse of discretion occurs when the trial court makes a decision based upon an error of law or upon factual findings which are without evidentiary support); *State v. Langford*, 400 S.C. 421, 441, 735 S.E.2d 471, 482 (2012) (stating a court considers four factors when determining whether a defendant's right to a speedy trial has been violated, including: "the length of the delay, the reason for [the delay], the defendant's assertion of his right to a speedy trial, and any prejudice [the defendant] suffered"); *id.* (stating no one factor is dispositive; rather, "they are all related and must be considered along 'with such other circumstances as may be relevant.'" (quoting *Barker v. Wingo*, 407 U.S. 514, 529-30 (1972))); *Wheeler v. State*, 247 S.C. 393, 400, 147 S.E.2d 627, 630 (1966) ("A speedy trial does not mean an immediate one; it does not imply undue haste, for the [S]tate, too, is entitled to a reasonable time in which to prepare its case; it simply means a trial without unreasonable and unnecessary delay."); *State v. Reaves*, 414 S.C. 118, 130, 777 S.E.2d 213, 219 (2015) ("The delay begins to be measured when a defendant is indicted, arrested, or otherwise accused."); *Langford*, 400 S.C. at 442-43, 735 S.E.2d at 482-83 (finding a twenty-three-month delay was sufficient to trigger the remaining factors); *State v. Cooper*, 386 S.C. 210, 217-18, 687 S.E.2d 62, 67 (Ct. App. 2009) (acknowledging the State's reasons for the delay when considered together justified a majority of the delay in bringing the defendant to trial); *Hunsberger*, 418 S.C. at 346, 794 S.E.2d at 374 (stating "a valid reason, such as a missing witness, justifies an appropriate delay"); *id.* at 351, 794 S.E.2d at 376 ("When the government persistently fails to try an accused and the delay is excessive, the accused need not show actual prejudice in order to prevail [on a] speedy trial [motion]."); *State v. Pittman*, 373 S.C. 527, 551, 647 S.E.2d 144, 156 (2007) (refusing to find a thirty-eight-month delay of the defendant's trial presumptively prejudicial); *Reaves*, 414 S.C. at 132, 777 S.E.2d at 220 (finding the defendant did not "show that he suffered particularized prejudice as the result of the delay").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and GEATHERS and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.