Dorothy FOSTER, Petitioner v. STATE of South Carolina, Respondent.
(379 S. E. (2d) 907)

Supreme Court

June 9, 1989.

## ORDER

Petitioner is represented by counsel in this post-conviction matter pending before the Court. She attempted to file a substantive document relating to the case. Since this document was not submitted through counsel, we instructed the Clerk of Court to return the document. Counsel now takes

the position that we are required by S. C. Const. Art. I, § 14[1] to accept any document which a litigant wishes to file, regardless whether that document is submitted through counsel. We disagree.

This constitutional provision preserves and guarantees to litigants certain trial rights. It is therefore questionable whether this section has any application to appellate matters. Even if it is assumed that the section is applicable, we hold it does not establish a right to "hybrid representation," that is, representation which is partially *pro se* and partially by counsel. *See State v. Sanders*, 269 S. C. 215, 237 S. E. (2d) 53 (1977).

Accordingly, the Clerk shall return petitioner's document. Nothing in this order shall be construed to limit any litigant's right to file a *pro se* motion seeking to relieve his counsel, nor shall it in any way limit a *pro se* litigant's right to file a brief in cases submitted pursuant to the procedures established in *Anders v. California*, 386 U. S. 738, 87 S. Ct. 1396, 18 L. Ed. (2d) 493 (1967) and *Johnson v. State*, 294 S. C. 310, 364 S. E. (2d) 201 (1988).

It is so ordered.

---

[1] This section provides:

The right of trial by jury shall be preserved inviolate. Any person charged with an offense shall enjoy the right to a speedy and public trial by an impartial jury; to be fully informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and *to be fully heard in his defense by himself or by his counsel or by both.* (Emphasis added.)