508 S.E.2d 564

**The STATE, Respondent,**

v.

**Charles M. Rickey STUCKEY, Appellant.**

Supreme Court of South Carolina.

Nov. 5, 1998.

## ORDER

Appellant submitted a *pro se* initial brief and designation of matter on appeal and moved this Court to incorporate his initial brief with the initial brief that Robert Dudek of the South Carolina Office of Appellate Defense will file on his behalf. In his motion, appellant states that his Sixth Amendment right to the assistance of counsel does not abridge his right as "a *pro se* litigant to file forth issues on [his] behalf." In essence, appellant asserts a Sixth Amendment right to hybrid representation or representation which is partially *pro se* and partially by counsel.

The Sixth Amendment guarantees a right to counsel and competent representation by counsel. *E.g., McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963). Concurrent with the right to the assistance of counsel is the right to self-representation after a knowing and intelligent waiver of the right to counsel. *E.g., Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

The United States Supreme Court has not expressly stated whether the Sixth Amendment also provides a right to hybrid representation. However, "*Faretta* does not require a trial judge to permit 'hybrid' representation.... A defendant does not have a constitutional right to choreograph special appearances by counsel." *McKaskle v. Wiggins,* 465 U.S. 168, 183, 104 S.Ct. 944, 953, 79 L.Ed.2d 122, 136 (1984). Since the matter of hybrid representation is left to the discretion of the trial judge, then, by implication, there is no Sixth Amendment right to hybrid representation. *Accord State v. Rickman,* 148 Ariz. 499, 715 P.2d 752 (Ariz.1986); *People v. Arguello,* 772 P.2d 87 (Colo.1989); *Johnson v. State,* 246 Ga. 126, 269 S.E.2d

18 (Ga.1980); *State v. Thomas,* 331 N.C. 671, 417 S.E.2d 473 (N.C.1992).

Furthermore, this Court has previously held that there is no right under the South Carolina Constitution to hybrid representation. *Foster v. State,* 298 S.C. 306, 379 S.E.2d 907 (1989); *State v. Sanders,* 269 S.C. 215, 237 S.E.2d 53 (1977). Since there is no right to hybrid representation, substantive documents filed *pro se* by a person represented by counsel are not accepted unless submitted by counsel. *Foster,* 298 S.C. at 307, 379 S.E.2d at 907.

Here, appellant, who is represented by counsel, attempted to file a substantive document relating to his case. Since this document was not submitted through counsel, it is not appropriate for consideration by this Court. Nothing in this order shall be construed to limit any party's right to file a *pro se* motion seeking to relieve his counsel, nor shall it in any way limit a party's right to file a brief in cases submitted pursuant to the procedures established in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and *Johnson v. State,* 294 S.C. 310, 364 S.E.2d 201 (1988).

IT IS SO ORDERED.

/s/ Ernest A. Finney, Jr., C.J.

/s/ Jean H. Toal, J.

/s/ James E. Moore, J.

/s/ John H. Waller, Jr., J.

/s/ E.C. Burnett, III, J.