548 S.E.2d 210

**The STATE, Respondent,**

v.

**Arthur Eugene GRADDICK, Appellant.**

**No. 25300.**

Supreme Court of South Carolina.

Heard April 24, 2001.

Decided June 4, 2001.

Michael S. Seekings and W. Peter Beck, both of Charleston, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General William Edgar Salter, III, all of Columbia; and Solicitor David Price Schwacke, of North Charleston, for respondent.

BURNETT, Justice:

Appellant appeals his conviction for the murder of Richard Allen Brown. We affirm.

## DISCUSSION

I.  Did the trial court err in denying defense counsel's motion to be relieved?

Appellant argues he was unfairly prejudiced and denied effective assistance of counsel because the trial court denied defense counsel's motion to be relieved. We disagree. The trial court did not deny the motion. Rather, defense counsel withdrew the motion, leaving nothing for the trial court to rule upon.

■ However, the record contains a *pro se* letter addressed to the trial court four days before the start of appellant's trial asking for help firing his attorney. The record contains no action by the court in response to this letter. The State argues the court properly took no action on this letter in the absence of a request by trial counsel that the motion be renewed. In support of this statement, the State cites *State v. Stuckey*, 333 S.C. 56, 58, 508 S.E.2d 564, 564 (1998), which held "[s]ince there is no right to hybrid representation, substantive documents filed *pro se* by a person represented by counsel are not accepted unless submitted by counsel." However, *Stuckey* goes on to state, "Nothing in this order shall be construed to limit any party's right to file a *pro se* motion seeking to relieve his counsel." *Id.,* 508 S.E.2d at 565. The rule against hybrid representation does not bar *pro se* motions to relieve counsel.

■ Nevertheless, there is no reversible error here. A motion to relieve counsel is addressed to the discretion of the trial judge and will not be disturbed absent an abuse of discretion. *State v. Hyman,* 276 S.C. 559, 562, 281 S.E.2d 209,

211 (1981), *overruled on other grounds, State v. Torrence,* 305
S.C. 45, 406 S.E.2d 315 (1991). Appellant bears the burden to
show satisfactory cause for removal. *Id.* Appellant made only
the most conclusory arguments why counsel should have been
relieved: "Mr. Runyon is not representing my interests and is
not fully prepared for this case. I do not feel comfortable
going to court with him as my lawyer." The trial court did
not abuse its discretion in refusing to grant appellant's request
for new counsel mere days before the start of appellant's trial
for murder.

## II. Did the trial court err in permitting the State to cross-examine a witness about his prior intention not to testify?

Appellant argues the trial court committed prejudicial error
in permitting the State to question a defense witness concern-
ing the witness's earlier intention not to testify. We disagree.

David Greene was also charged in connection with the death
of the victim. He initially indicated his intent to invoke his
Fifth Amendment privilege against self-incrimination, but ulti-
mately agreed to testify as a defense witness. The State
requested permission to cross-examine Greene about his prior
intention not to testify for the purpose of "explain[ing] why
the state did not call him." The trial court expressed some
concern that "if [the Solicitor] is seeking to use it as making
the guy look bad, then it may be a problem if Arthur Graddick
doesn't take the witness stand." However, the court granted
the Solicitor permission to ask Greene if he had previously
refused to testify for the State.

On cross-examination, the Solicitor asked Greene whether
he had changed his mind at the last minute about testifying.
Greene responded:

We talked about that. And I told [my attorney] when I was
going to lunch that I was going to think about this. And I
don't see why—I don't see the reason why not—I shouldn't
be testifying, because I was right there. And I know I do
have two charges pending against me. And I'm going to be
honest with you, I know I didn't do nothing and I know
Arthur didn't do nothing, that's why I'm up here telling y'all
the truth.

Appellant asserts this line of questioning improperly drew attention to his own decision not to testify.

■ The Fifth Amendment to the United States Constitution provides in part that "No person ... shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V.[1]  As a corollary of the right to remain silent, a prosecutorial comment upon a defendant's failure to testify at trial is constitutionally impermissible. *Griffin v. California*, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965); *State v. Hawkins*, 292 S.C. 418, 357 S.E.2d 10 (1987), *overruled on other grounds, State v. Torrence*, 305 S.C. 45, 406 S.E.2d 315 (1991).  Because neither party is entitled to draw any inference from a witness's invocation of privilege, it is desirable the jury not know that a witness has invoked the privilege against self-incrimination. *State v. Hughes*, 328 S.C. 146, 150, 493 S.E.2d 821, 823 (1997).

■ The trial court did not abuse its discretion in allowing the questioning. *Cf. State v. Lynn*, 277 S.C. 222, 284 S.E.2d 786 (1981) (a trial court's ruling concerning the scope of cross-examination of a witness to test his credibility should not be disturbed on appeal absent a manifest abuse of discretion). The express purpose of the questioning was to explain why the State did not call Greene as a witness.  Nothing in the record indicates this purpose was a subterfuge. *Cf. State v. Hughes*, 328 S.C. 146, 153, 493 S.E.2d 821, 824 (1997) (witness may not be called *solely* for the sake of having witness invoke privilege against self-incrimination, for the purpose of permitting jury to infer wrongdoing from that assertion).  Although Greene stated he had no reason not to testify because he and appellant were innocent, this commentary—even if it can be characterized as a comment on appellant's failure to testify—cannot fairly be attributed to the State.  The Solicitor did not elicit the commentary, nor did she highlight the remarks in any way.  In her closing argument, the Solicitor vigorously assailed Greene's credibility without reference to his decision to

---

1.  This provision governs state as well as federal criminal proceedings. *Malloy v. Hogan*, 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (1964). Moreover, Article I, Section 12, of the South Carolina Constitution contains similar language.

testify. The trial court committed no error in permitting the questioning.

III. Did the trial court's circumstantial evidence charge place improper significance on direct evidence?

Appellant contends the trial court's circumstantial evidence charge improperly placed greater significance on direct evidence than on circumstantial evidence, contrary to *State v. Grippon*, 327 S.C. 79, 489 S.E.2d 462 (1997). We disagree.

■ The trial court's circumstantial evidence charge was a hybrid of the traditional circumstantial evidence charge [2] and the charge approved in *Grippon. Grippon* recommended a circumstantial evidence charge which emphasizes the lack of distinction between the weight to be given to direct and circumstantial evidence. *Id.* at 83–84, 489 S.E.2d at 464. The trial court expressly instructed the jury that "circumstantial evidence is just as competent or capable of proving a fact in issue as is direct evidence." *Grippon* did not invalidate the traditional circumstantial evidence charge. *See State v. Needs*, 333 S.C. 134, 155, n. 13, 508 S.E.2d 857, 868, n. 13 (1998). Reviewing the charge as a whole, it is an accurate statement of the law. *See Grippon*, 327 S.C. at 82–83, 489 S.E.2d at 463 (jury instructions should be considered as a whole, and if as a whole they are free from error, any isolated portions which may be misleading do not constitute reversible error).

## CONCLUSION

Appellant's remaining issues are disposed of pursuant to Rule 220, SCACR, and the following authorities: *State v. Mitchell*, 286 S.C. 572, 336 S.E.2d 150 (1985) (improper introduction of hearsay evidence constitutes reversible error only if its admission is prejudicial to the defendant); *State v. Dennis*, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct.App.1996) (jury

---

2. The charge contained none of the language disapproved in *State v. Manning*, 305 S.C. 413, 409 S.E.2d 372 (1991), and *State v. Raffaldt*, 318 S.C. 110, 456 S.E.2d 390 (1995).

instruction on "mere presence" generally applicable in cases of accomplice liability or constructive possession of contraband).

Appellant's conviction for murder is **AFFIRMED**.

TOAL, C.J., MOORE and WALLER, JJ., and Acting Justice JOHN L. BREEDEN, Jr., concur.