614 S.E.2d 626

**The STATE, Respondent,**

v.

**Tyree Alphonso ROBERTS, a/k/a Abdiyyah Ben Alkebulanyahh, Appellant.**

Supreme Court of South Carolina.

June 3, 2005.

584

## ORDER

Appellant was sentenced to death on October 22, 2003. The case is now before this Court on direct appeal. Joseph Savitz and Robert M. Dudek, of the Office of Appellate Defense, serve as counsel for appellant. They served and filed the initial brief on February 22, 2005.

■ Appellant now moves to proceed *pro se*, arguing the warden and appellate counsel are acting to deny him access to the courts. He maintains he does not want the assistance of attorneys from the Office of Appellate Defense and that he "rejected" them prior to their filing the initial brief and continues to reject them and any action they take on appellant's behalf. In support of his request to proceed *pro se*, appellant contends S.C.Code Ann. § 16–3–25(D) states that, "Both the defendant and the State shall have the right to submit briefs within the time provided by the court and to present oral arguments to the court."

By way of return, appellate counsel take the position that the Court should not allow self-representation on direct appeal. They assert that while a *pro se* defendant who mishandles a trial harms only himself, a *pro se* defendant who mishandles a direct appeal damages the criminal justice system as a whole. Finally, appellate counsel argue that even if the Court allows self-representation on appeal from a criminal conviction, it should require the appellant to exercise that option before appellate counsel files the initial brief and designation of matter.

The State has filed a return in which it argues there is no federal constitutional right to self-representation on direct appeal and this State has not recognized such a right under its own constitution, *see Martinez v. Court of Appeal of California,* 528 U.S. 152, 120 S.Ct. 684, 145 L.Ed.2d 597 (2000), although it acknowledges that the Court has noted it is questionable whether Art. I, § 14 of the South Carolina Con-

stitution applies to appellate matters.[1] *Foster v. State,* 298 S.C. 306, 379 S.E.2d 907 (1989). The State argues that constitutional provision applies only to trials and not appellate proceedings.

The State argues further that appellant has the assistance of two very experienced capital appeals litigators and they have already filed a brief in this matter. The State contends it is simply too late to stop the process, go back to the beginning and allow submission of new substantive arguments simply because appellant is not satisfied with the issues raised by appellate counsel. The State maintains appellate counsel are entitled to make a reasonable choice not to raise every non-frivolous issue requested by appellant, *see Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983), and any mistake they make in determining viable issues for briefing can be resolved on post-conviction relief instead of by way of a *pro se* brief on direct appeal.

By way of reply, appellant maintains Mr. Savitz is incompetent and ineffective. He points to Mr. Savitz's failure to raise any guilt phase errors or constitutional errors in the initial brief. Appellant contends the record clearly reflects that during the pre-trial and guilt phase, appellant sought "instant relief or release" based on Fourth Amendment violations and a lack of evidence. He claims these two issues are the most significant and meritorious and should have been raised in the initial brief. Appellant maintains he cannot raise the insufficiency of the evidence on post-conviction relief.

This Court has repeatedly held, pursuant to *Faretta v. California,* 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), that a criminal defendant may waive the right to counsel and proceed *pro se* at trial. *State v. Fuller,* 337 S.C. 236, 523 S.E.2d 168 (1999); *State v. Stuckey,* 333 S.C. 56, 508 S.E.2d 564 (1998); *State v. Reed,* 332 S.C. 35, 503 S.E.2d 747 (1998); *State v. Brewer,* 328 S.C. 117, 492 S.E.2d 97 (1997); *State v. Sims,* 304 S.C. 409, 405 S.E.2d 377 (1991); *State v. Dixon,* 269

---

1. "The right of trial by jury shall be preserved inviolate. Any person charged with an offense shall enjoy the right to a speedy and public trial by an impartial jury; to be fully informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to be fully heard in his defense by himself or by his counsel or by both."

S.C. 107, 236 S.E.2d 419 (1977). However, we have never addressed whether a criminal defendant has the same right on appeal.

■ In *Martinez, supra,* the United States Supreme Court held that the rationale underlying the *Faretta* decision, including reliance on the Sixth Amendment, did not apply to appellate proceedings. The Court also found no right of self-representation under the Due Process Clause. Accordingly, a right of self-representation on appeal must be grounded in the state constitution, if at all. The majority of the states that have addressed this issue following *Martinez* have found there is no state constitutional right to self-representation on appeal.

Article I, § 16 of the Florida Constitution states the following:

In all criminal prosecutions the accused shall, upon demand, be informed of the nature and cause of the accusation, and shall be furnished a copy of the charges, and shall have the right to have compulsory process for witnesses, to confront at trial adverse witnesses, to be heard in person, by counsel or both, and to have a speedy and public trial by impartial jury in the county where the crime was committed.

The Florida Supreme Court found, despite this language, which is very similar to Art. I, § 14 of the South Carolina Constitution, that in Florida there is no state constitutional right to proceed *pro se* on direct appeal, although the appellate court may, in its discretion, allow an appellant to proceed *pro se. Davis v. State,* 789 So.2d 978 (Fla.2001). The New Hampshire Supreme Court has also determined its state constitution provides no due process right to a defendant to proceed *pro se* on appeal.[2] *State v. Thomas,* 150 N.H. 327, 840

---

2.  Part 1, § 15 of the New Hampshire Constitution states:

No subject shall be held to answer for any crime, or offense, until the same is fully and plainly, substantially and formally described to him; or be compelled to accuse or furnish evidence against himself. Every subject shall have a right to produce all proofs that may be favorable to himself; to meet the witnesses against him face to face, and to be fully heard in his defense, by himself, and by counsel. No subject shall be arrested, imprisoned, despoiled, or deprived of his property, immunities, or privileges, put out of the protection of the law, exiled or deprived of his life, liberty, or estate, but by the judgment of his peers, or the law of the land; provided that, in any proceeding to

A.2d 803 (2003). Appellate courts in Arkansas, Texas and Washington have also held, in reliance upon *Martinez*, that an appellant in a criminal case does not have the right to proceed *pro se* on direct appeal in those states. *Fudge v. State*, 341 Ark. 652, 19 S.W.3d 22 (2000); *Cormier v. State*, 85 S.W.3d 496 (Tex.App.2002); *State v. Watson*, 100 Wash.App. 1005, 2000 WL 339179 (2000).

The Alabama Supreme Court held that while the Alabama Constitution does not provide any basis for recognizing a right to self-representation on appeal,[3] certain statutes, when read together, give an appellant in a criminal case a statutory right to do so.[4] *Ex parte Scudder*, 789 So.2d 837 (Ala.2001).

---

commit a person acquitted of a criminal charge by reason of insanity, due process shall require that clear and convincing evidence that the person suffers from a mental disorder must be established. Every person held to answer in any crime or offense punishable by deprivation of liberty shall have the right to counsel at the expense of the state if need is shown; this right he is at liberty to waive, but only after the matter has been fully explained to the court.

3. Article I, § 6 of the Alabama Constitution states:
   [I]n all criminal prosecutions, the accused has a right to be heard by himself and counsel, or either; to demand the nature and cause of the accusation; and to have a copy thereof; to be confronted by the witnesses against him; to have compulsory process for obtaining witnesses in his favor; to testify in all cases, in his own behalf, if he elects so to do; and, in all prosecutions by indictment, a speedy, public trial, by an impartial jury of the county or district in which the offense was committed; and he shall not be compelled to give evidence against himself, nor be deprived of life, liberty, or property, except by due process of law....

4. The statutes relied upon by the Alabama Supreme Court are the statute which provides for the right to appeal and the statute which states that an indigent appellant is entitled to the assistance of counsel. The former states, "A person convicted of a criminal offense in the circuit court or other court from which an appeal lies directly to the Supreme Court or Court of Criminal Appeals may appeal from the judgment of conviction to the appropriate appellate court." Ala.Code § 12–22–130 (1975). The latter states, "If it appears that the defendant desires to appeal and is unable financially or otherwise to obtain the assistance of counsel on appeal and the defendant expresses the desire for assistance of counsel, the trial court shall appoint counsel to represent and assist the defendant on appeal." Ala.Code § 15–12–22(b) (1975). The Alabama Supreme Court found that these sections do not require that an appellant in a criminal case proceed with his appeal through counsel, but instead confer upon a defendant in a criminal case the right to represent himself on appeal if he so desires.

Other states had determined prior to the decision in *Martinez* that there is no constitutional right to self-representation on appeal from a criminal conviction. In *Blandino v. State,* 112 Nev. 352, 914 P.2d 624 (1996), the Supreme Court of Nevada held that the Sixth Amendment only applies to trials and does not support the existence of a right to self-representation on appeal. The same has been held in Tennessee. *State v. Gillespie,* 898 S.W.2d 738 (Tenn.Crim.App.1994).

However, there have been two states, Georgia and Michigan, who have determined that an appellant may proceed *pro se* in an appeal from a criminal conviction based on a state *constitutional* provision that contains language nearly identical to that found in S.C.Code Ann. § 40–5–80 (Supp.2004). *Costello v. State,* 240 Ga.App. 87, 522 S.E.2d 572 (1999); *People v. Stephens,* 71 Mich.App. 33, 246 N.W.2d 429 (1976). That *statute* states nothing in Chapter 5 of Title 40, regulating the practice of law in South Carolina, may be construed so as to prevent a citizen from prosecuting or defending his own cause, if he so desires.[5] We note that New Hampshire, which has a *statute* containing nearly identical language, has held, in *State v. Thomas, supra,* that a criminal defendant does not have a right to proceed *pro se* on appeal, relying on the fact that its state constitution does not provide such a right. The New Hampshire Supreme Court did not mention N.H.Rev. Stat. § 311:1, which states that "[a] party in any cause or proceeding may appear, plead, prosecute or defend in his or her proper person, that is, pro se, or may be represented by any citizen of good character."

Appellant clearly does not have a federal constitutional right to proceed *pro se* in this appeal from his criminal conviction. We also find there is no state constitutional provision which confers such a right. We agree with the Florida, New Hampshire and Alabama Supreme Courts that language such as that contained in Art. I, § 14 of the South Carolina Constitution does not apply to appeals. However, the Court may, in its

---

**5.** Article I, Section I, Paragraph XII of the Georgia Constitution states: "No person shall be deprived of the right to prosecute or defend, either in person or by an attorney, that person's own cause in any of the courts of this state." Article I, Section 13 of the Michigan Constitution states: "A suitor in any court of this state has the right to prosecute or defend his suit, either in his own person or by an attorney."

discretion, allow an appellant to proceed *pro se* in an appeal from a criminal conviction.

We decline to do so in this case. Initially, we note that appellant's request to proceed *pro se* was not made in a timely fashion. Moreover, appellate counsel has no duty to raise every non-frivolous issue presented by the record and must be allowed to exercise reasonable professional judgment. *See Jones v. Barnes, supra.* This is a death penalty appeal and, as the State points out, appellant is represented by two very experienced capital appeals litigators. Finally, the State is also correct that any mistake appellate counsel make in determining viable issues for briefing can be resolved on post-conviction relief. We therefore deny appellant's motion to proceed *pro se*.

IT IS SO ORDERED.

s/ Jean H. Toal, C.J.,

s/ James E. Moore, J.

s/ John H. Waller, Jr., J.

s/ E.C. Burnett, III, J.

s/ Costa M. Pleicones, J.