697 S.E.2d 527

**Zachary Vincent MILLER, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

July 8, 2010.

## ORDER

Petitioner filed an application for post-conviction relief (PCR) in December 2005. Following the denial of the application, petitioner filed a *pro se* "59(E)/60(B) Motion." Thereafter, both PCR counsel and petitioner filed notices of appeal. The *pro se* motion was never ruled on because of the filing of the notices of appeal. The Court of Appeals denied a subsequent petition for a writ of certiorari filed pursuant to *Johnson v. State*.[1]

Thereafter, the circuit court entertained the pending *pro se* motion and issued an order denying and dismissing it. Petitioner has filed a *pro se* notice of appeal from that order.

Since there is no right to "hybrid representation" that is partially *pro se* and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel. *State v. Stuckey*, 333 S.C. 56, 508 S.E.2d 564 (1998); *Foster v. State*, 298 S.C. 306, 379 S.E.2d 907 (1989). Because petitioner was represented by counsel, the *pro se* motion was not proper, should not have been accepted, and should not have been ruled upon. The motion was essentially a nullity.

We therefore vacate the order ruling on the motion and dismiss petitioner's notice of appeal as moot. We also take this opportunity to remind judges and clerks of court of our directive in *Foster* not to accept substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a party who is represented by counsel.

---

1. 294 S.C. 310, 364 S.E.2d 201 (1988).

IT IS SO ORDERED.

/s/Jean H. Toal, C.J.

/s/Costa M. Pleicones, J.

/s/Donald W. Beatty, J.

/s/John W. Kittredge, J.

/s/Kaye G. Hearn, J.