THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Stacy W. Howard Appellant,
 v.
 Pamela O.
 Cartee, Respondent.
 
 
 

Appeal From Darlington County
Paul M. Burch, Circuit Court Judge
Unpublished Opinion No.   2011-UP-100
Submitted March1, 2011  Filed March 14,
 2011
AFFIRMED

 
 
 
 Stacy W. Howard, pro se, for Appellant.
 Attorney General Alan M. Wilson, Chief Deputy Attorney General
 John W. McIntosh, and Assistant Attorney General Warren V. Ganjehsani, all of
 Columbia, for Respondent.
 
 
 

PER CURIAM:  Stacy W. Howard appeals the circuit
 court's denial of his petition for a writ of mandamus and dismissal of his
 action, arguing: (1) he was denied due process when he was not served with
 notice of  Pamela O. Cartee's motion to dismiss; (2) Cartee's voluntary
 appearance in court by her counsel was equivalent to personal service of
 Howard's summons and complaint; (3) the circuit court erred in dismissing his
 complaint on the basis that his actions constituted an impermissible form of
 hybrid representation; (4) he was entitled to a copy of primary and backup
 tapes according to the Freedom of Information Act (FOIA) and Rule 607(i),
 SCACR; (5) Rule 607(i) directly conflicts with the legislative intent in
 sections 14-13-10 and 14-13-20 of the South Carolina Code (1977); (6) the
 circuit court erred in failing to rule on motions for recusal and change of
 venue; and (7) the circuit court erred in failing to rule on his Rule 59(e),
 SCRCP motion.  We affirm.[1]  
1.  As to whether the circuit court
 erred in denying Howard's request for tapes of his trial based on an
 impermissible form of hybrid representation:  At the time Howard filed his pro
 se complaint for the tapes of his trial, the Office of Appellate Defense had
 already been appointed to represent him for purposes of his direct appeal and
 had in fact already contacted Cartee regarding the errors in the trial
 transcript.  Thus, Howard made an invalid pro se request for the primary and
 backup copies of the trial tapes.  Because Howard was represented by counsel,
 any request for the trial tapes was required to be made by his counsel.  See State v. Stuckey, 333 S.C. 56, 58, 508 S.E.2d 564, 564 (1998)
 ("[Because] there is no right to hybrid representation, substantive
 documents filed [pro se] by a person represented by counsel are not accepted
 unless submitted by counsel.").[2] 
     
2.  As to whether the circuit court
 erred in failing to rule on Howard's Rule 59(e), SCRCP motion:  Howard failed
 to comply with the requirements of Rule 59, SCRCP because he filed his motion
 on February 13, 2008, almost one month before the circuit court issued
 its final order on March 6, 2008.  See Rule 59(e), SCRCP ("A motion
 to alter or amend the judgment shall be served no later than 10 days after
 receipt of written notice of the entry of the order.").  Accordingly, the
 circuit court correctly declined to rule on Howard's Rule 59(e) motion.  
3.  As
 to Howard's remaining issues:  These issues are not preserved for appellate
 review.  See Jones v. Lott, 387 S.C. 339, 346, 692 S.E.2d 900,
 903 (2010) ("Issues and arguments are preserved for appellate review only
 when they are raised to and ruled on by the lower court.") (internal
 quotation marks omitted); Dixon v. Besco Engineering, Inc., 320 S.C.
 174, 178, 463 S.E.2d 636, 638 (Ct. App. 1995) ("Issues on which the trial
 judge never ruled and which were not raised in a post-trial motion are not
 preserved for appeal.").  
AFFIRMED.
WILLIAMS,
 GEATHERS, and LOCKEMY, JJ., concur. 

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2] We decline to
 address whether Howard was entitled to a copy of the primary and backup tapes
 according to FOIA and Rule 607(i), SCACR because resolution of Howard's
 argument regarding hybrid representation is dispositive.  See Whiteside
 v. Cherokee Cnty. Sch. Dist. No. One, 311 S.C. 335, 340-41, 428 S.E.2d 886,
 889 (1993) (finding the appellate court need not address a remaining issue when
 the resolution of a prior issue is dispositive); see also Rule
 220(c), SCACR ("The appellate court may affirm any ruling, order,
 decision, or judgment upon any ground(s) appearing in the Record on
 Appeal.").