784 S.E.2d 690

**The STATE, Respondent,**

v.

**Johnie Allen DEVORE, Jr., Appellant.**

**Appellate Case No. 2013–000883.**
**No. 5392.**

Court of Appeals of South Carolina.

Heard Nov. 3, 2015.
Decided March 23, 2016.
Rehearing Denied April 21, 2016.

116

J. Falkner Wilkes, of Greenville, for appellant.

Attorney General, Alan McCrory Wilson and Assistant Attorney General, John Benjamin Aplin, both of Columbia, and Solicitor William Walter Wilkins, III, of Greenville, for respondent.

HUFF, A.C.J.

Johnie Allen Devore, Jr. seeks to appeal his conviction for driving under the influence (DUI). We dismiss the appeal for lack of jurisdiction.

On March 14, 2013, Devore—who was represented by counsel—was convicted of DUI in a jury trial. On March 21, 2013, seven days after his conviction, Devore sent a pro se letter to the trial judge, raising various concerns and asking the trial judge to reconsider the verdict or to declare a mistrial. On April 1, 2013, eighteen days after his conviction, Devore sent a second pro se letter, this time to the circuit solicitor, "Re: Request for Appeal or Re-examination of [his case]." This letter purportedly attached his March 21 letter to the trial judge, and stated he intended the attached letter "to be a request for appeal, review, or consideration of changing [Devore's] trial results to a mistrial." Devore noted his letter to the trial judge had "been ignored and [had] remained unanswered."

At some point, Devore obtained new counsel—Attorney Wilkes—to represent him. On April 19, 2013, thirty-six days after his conviction, Attorney Wilkes filed an "Amended Notice of Appeal" with this court from Devore's conviction entered March 14, 2013, noting a pro se filing requesting reconsideration had been mailed to the trial judge on March 21, 2013, that no order appeared to have been issued from that filing, and that a second pro se filing was served on the solicitor on April 1, 2013.

On June 21, 2013, this court remanded the matter for the limited purpose of entertaining Devore's motion. On March 17, 2014, the trial judge held a hearing on Devore's motion for a new trial. Attorney Wilkes began the hearing by giving the background on the matter, informing the trial judge that Devore had, subsequent to his DUI conviction, sent the two documents—one of which was addressed to the trial judge and was "technically a motion for a new trial which was appropriate under the time frame." The trial judge responded, "Now, he was represented by counsel, wasn't he, at that point?" Attorney Wilkes agreed Devore was represented by counsel at the time, but further explicated that "[trial counsel] left on vacation and left the country without filing the motion or

notice," that "[t]here may have been some miscommunication," and Devore, "being . . . aware of the timing, filed both."

Attorney Wilkes then proceeded to argue the merits of the motion to the trial judge. In ruling on the matter, the trial judge began by indicating he did receive Devore's post-trial motions, but stated he was confused because, "for all [he knew], [Devore] was still represented by [trial counsel]." The trial judge further stated it was "difficult for [him] to respond when [Devore was] represented by counsel." He noted that Devore's pro se documents were timely filed, but stated it put him in an awkward position of not knowing how to respond since Devore was represented by counsel who had not communicated with the court that there were motions to be resolved by the court. The trial judge then addressed the merits of the argument, but found no error and no basis for a new trial.

On March 27, 2014, Attorney Wilkes filed a notice of appeal from Devore's March 14, 2013, conviction and sentence, as well as the trial judge's oral ruling of March 17, 2014, which denied Devore's post-trial motion. On October 10, 2014, the State filed a motion to dismiss for lack of appellate jurisdiction. On November 13, 2014, this court denied the State's motion to dismiss. The parties thereafter filed the record on appeal and their briefs for consideration by this court.

■ The State persists in asserting this court lacks appellate jurisdiction over the matter, declaring it did not waive the argument and continuing to maintain the appeal should be dismissed. Specifically, it contends that Devore was admittedly represented by counsel at the time he submitted the March 21, 2013, letter to the trial judge and, pursuant to *Miller v. State*, 388 S.C. 347, 697 S.E.2d 527 (2010), such substantive pro se documents are not proper when a party is represented by counsel. Thus, the March 21, 2013 letter could not operate as a notice of appeal or as a motion for reconsideration which would stay the time for filing of the appeal. Accordingly, the State maintains no proper motion for reconsideration or notice of appeal was served within the required ten days of Devore's conviction. Devore argues this court does have appellate jurisdiction. He contends the State's argument overlooks the fact that, although he had an attorney of record from the trial, he did not have an attorney "actively representing" him after

the conclusion of the trial. Thus, he maintains his pro se filings did not create or constitute prohibited "hybrid representation." We agree with the State that this court lacks appellate jurisdiction to consider the matter.

Our appellate court rules require a party intending to appeal to serve and file a notice of appeal. Rule 203(a), SCACR. In criminal appeals, after a trial resulting in conviction, a notice of appeal must be "served on all respondents within ten (10) days after the sentence is imposed." Rule 203(b)(2), SCACR. However, "[w]hen a timely post-trial motion is made under Rule 29(a), SCRCrimP, the time to appeal shall be stayed and shall begin to run from receipt of written notice of entry of an order granting or denying such motion." *Id.* Our rules of criminal procedure provide as follows:

> Except for motions for new trials based on after-discovered evidence, post-trial motions shall be made within ten (10) days after the imposition of the sentence.... The time for appeal for all parties shall be stayed by a timely post-trial motion and shall run from the receipt of written notice of entry of the order granting or denying such motion.

Rule 29(a), SCRCrimP.

"The requirement of service of the notice of appeal is jurisdictional, i.e., if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to 'rescue' the delinquent party by extending or ignoring the deadline for service of the notice." *USAA Prop. & Cas. Ins. Co. v. Clegg,* 377 S.C. 643, 651, 661 S.E.2d 791, 795 (2008) (quoting *Elam v. S.C. Dep't of Transp.,* 361 S.C. 9, 14–15, 602 S.E.2d 772, 775 (2004)); *see also Hill v. S.C. Dep't of Health & Envtl. Control,* 389 S.C. 1, 21, 698 S.E.2d 612, 623 (2010) ("The service of a notice of appeal is a jurisdictional requirement, and the time for service may not be extended by [the appellate court]."). "[T]he failure to comply with procedural requirements for an appeal divests a court of appellate jurisdiction...." *State v. Brown,* 358 S.C. 382, 387, 596 S.E.2d 39, 41 (2004). Accordingly, in the absence of a timely served notice of appeal, this court has no jurisdiction.

Turning to the procedural facts of this case, absent service of a proper notice of appeal within ten days of Devore's March 14, 2013 sentence, and if no valid post-trial motion was made

within ten days to stay the time for appeal, this court has no appellate jurisdiction. It is undisputed Devore served his pro se letter on March 21, 2013, within ten days of his conviction. However, if the pro se letter is a substantive document filed while Devore was represented by counsel, such that his representation is partially pro se and partially by counsel, it would be improper and could not be accepted. Rather, it would be considered a nullity.

In *Foster v. State*, Foster, who was represented by counsel in a post-conviction relief (PCR) matter pending before our supreme court, attempted to file a substantive document with the appellate court, which the court instructed the Clerk of Court to return. 298 S.C. 306, 306, 379 S.E.2d 907, 907 (1989). Foster's counsel asserted the court was required by the state constitution to accept Foster's pro se document. *Id.* at 306–07, 379 S.E.2d at 907. The court disagreed, holding our constitution "does not establish a right to 'hybrid representation,' that is, representation which is partially pro se and partially by counsel." *Id.* at 307, 379 S.E.2d at 907. The court ordered the Clerk to return Foster's document and stated, "Nothing in this order shall be construed to limit any litigant's right to file a *pro se* motion seeking to relieve his counsel, nor . . . limit a pro se litigant's right to file a brief in cases submitted pursuant to the procedures established" for *Anders v. California* [1] and *Johnson v. State* [2] appeals.

Thereafter, in *State v. Stuckey*, Stuckey submitted a pro se initial appellate brief and designation of matter and sought to have it incorporated with the initial brief his appellate defender "will file on his behalf." 333 S.C. 56, 57, 508 S.E.2d 564, 564 (1998). Stuckey asserted he had a right to "hybrid representation" under our federal constitution. *Id.* Our supreme court disagreed and stated, "[s]ince there is no right to hybrid representation, substantive documents filed pro se by a person represented by counsel are not accepted unless submitted by counsel." *Id.* at 58, 508 S.E.2d at 564. Because Stuckey attempted to file a substantive document related to the case while she was represented by counsel and the docu-

---

1. 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

2. 294 S.C. 310, 364 S.E.2d 201 (1988).

ment was not submitted through counsel, it was "not appropriate for consideration" by the appellate court. *Id.* at 58, 508 S.E.2d at 564–65. The court also continued to note exceptions to the rule for pro se motions seeking to relieve counsel and for a party's right to file a pro se brief pursuant to *Anders* and *Johnson. Id.* at 58, 508 S.E.2d at 565.

Finally, in *Miller,* following denial of his PCR application, Miller filed a pro se "59(e)/60(B) Motion," which was not heard at that time because of the filing of notices of appeal. 388 S.C. at 347, 697 S.E.2d at 527. This court denied the petition for writ of certiorari and, thereafter, the circuit court entertained Miller's pending pro se motion, ultimately denying and dismissing it. *Id.* Miller then filed a pro se notice of appeal from that order. *Id.* Our supreme court held as follows:

> Since there is no right to "hybrid representation" that is partially *pro se* and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel. Because [Miller] was represented by counsel, the *pro se* motion was not proper, should not have been accepted, and should not have been ruled upon. The motion was essentially a nullity.
>
> We therefore vacate the order ruling on the motion and dismiss [Miller's] notice of appeal as moot. *We also take this opportunity to remind judges and clerks of court of our directive in* Foster *not to accept substantive documents, with the exception of motions to relieve counsel, filed pro se by a party who is represented by counsel.*

*Id.* (emphasis added) (internal citations omitted).

 Following a criminal trial, a defendant's trial counsel "must make certain the defendant is made fully aware of the right to appeal." *Simuel v. State,* 390 S.C. 267, 270, 701 S.E.2d 738, 739 (2010). "In the absence of an intelligent waiver by the defendant, counsel must either initiate an appeal or comply with the procedure in [*Anders* ]." *Id.* (quoting *Turner v. State,* 380 S.C. 223, 224, 670 S.E.2d 373, 374 (2008)). "After the client is convicted and sentenced, trial counsel in all cases has a duty to make certain that the client is fully aware of the right to appeal, and if the client is indigent, assist the client in filing an appeal." *Wilson v. State,* 348 S.C. 215, 218 n.

3, 559 S.E.2d 581, 583 n. 3 (2002). Even though an attorney is retained for purposes of trial only, "[t]he requirement [that he] take reasonable steps to protect the client requires counsel ... to serve and file the Notice of Appeal and to continue to represent the client until relieved by [the appellate court] under Rule 235, SCACR." *In re Anonymous Member of the Bar*, 303 S.C. 306, 308, 400 S.E.2d 483, 484 (1991). Rule 264 of our appellate court rules, formerly Rule 235, provides for continued representation by a party's trial counsel at the appellate level until proper withdrawal, stating as follows: "The attorneys ... of the respective parties in the court below shall be deemed the attorneys ... of the same parties in the appellate court *until withdrawal is approved and notice is given* as provided in this Rule." Rule 264(a), SCACR (emphasis added). As well, Rule 602(e)(1), SCACR stipulates, except as otherwise provided, "[t]rial counsel, whether retained, appointed, or Public Defender, shall continue representation of an accused until final judgment, including any proceeding on direct appeal." *See also* Comment 4 to Rule 1.3, RPC, Rule 407, SCACR ("Unless the relationship is terminated as provided in Rule 1.16, a lawyer should carry through to conclusion all matters undertaken for a client.... [I]f a lawyer has handled a judicial or administrative proceeding that produced a result adverse to the client and the lawyer and the client have not agreed that the lawyer will handle the matter on appeal, the lawyer should consult with the client about the possibility of appeal before relinquishing responsibility for the matter."); Rule 1.16(c), RPC, Rule 407, SCACR ("A lawyer must comply with applicable law requiring notice to or permission of a tribunal when terminating a representation.").

We find Devore was represented by counsel at the time he sent his March 21, 2013 pro se letter and, therefore, that document could not qualify as a proper motion or notice of appeal and is, essentially, a nullity.[3] First, we note that Devore conceded to the trial judge that he was represented by counsel at the time he sent his pro se letter to the trial court. Beyond that concession, however, we find Devore was represented by counsel at that time. We disagree with Devore's contention that counsel for a litigant must be actively filing

---

**3.** The April 1, 2013 letter was beyond ten days from Devore's March 14, 2013 conviction and sentence and, therefore, was clearly untimely.

documents around the same time as the litigant is filing pro se documents for it to be considered "hybrid representation." Our courts have determined "hybrid representation" is representation that is partially pro se and partially by counsel. Here, Devore was clearly represented by trial counsel at trial and, once Devore was convicted, trial counsel was obligated to ensure Devore was made fully aware of his right to appeal. In the event Devore desired to appeal, trial counsel, even if only retained to represent Devore at trial, was obligated to serve and file a notice of appeal and continue to represent Devore until his withdrawal from representation was approved.[4] Thus, trial counsel was Devore's counsel of record at the time Devore sent the March 21, 2013 letter to the trial court and any attempt to serve a motion for new trial or notice of appeal by this pro se letter constituted "hybrid representation." Since Devore was represented by counsel, his pro se motion was not proper and could not be accepted. Inasmuch as the letter was not submitted through counsel and it was not a motion to relieve counsel, the trial judge appropriately followed our supreme court's specific directive not to accept substantive documents filed pro se by a party who is represented by counsel.[5] Because Devore's pro se filings were a

---

4. In the event Devore was improperly denied his right to appeal, the proper avenue of relief is through a PCR proceeding. *See McCray v. State*, 271 S.C. 185, 187, 246 S.E.2d 230, 231 (1978) ("[W]here an accused establishes in a[PCR] proceeding that he was unconstitutionally deprived of his statutory right to a direct appeal, this [c]ourt, upon obtaining jurisdiction of the case on the [PCR] appeal, will review the trial record and pass upon all issues properly raised and argued just as if a direct appeal had been taken to this [c]ourt."). We disagree with Devore's assertion that, pursuant to *State v. Rivera*, 402 S.C. 225, 741 S.E.2d 694 (2013), a PCR hearing would be unwarranted in this case because it would not be necessary to resolve a factual dispute and would not aid the court in its application of law. Unlike *Rivera*, we are dealing here with the issue of appellate jurisdiction. If Devore's appeal is dismissed for lack of appellate jurisdiction because trial counsel was ineffective in protecting his right to appeal, then the matter clearly would be proper for consideration in a PCR action. However, this court simply cannot consider the matter if it is divested of appellate jurisdiction.

5. It is clear from the hearing held on Devore's pro se motion that the trial judge recognized the problem arising from the pro se filing while Devore was represented by counsel and, for that reason, did not initially respond to or rule on the matter. It was only after this court

nullity, there was no proper notice of appeal served or post-trial motion made within ten days of imposition of his sentence, and this court does not have appellate jurisdiction. Accordingly, we dismiss this appeal.

**DISMISSED.**

WILLIAMS and THOMAS, JJ., concur.

---

remanded for consideration of Devore's motion that he held a hearing and considered Devore's motion. Further, the fact that the trial judge eventually ruled on Devore's pro se motion does not prevent dismissal of this appeal. As noted, timely service of the notice of appeal is jurisdictional, it may not be extended by this court, and failure to comply with procedural requirements for an appeal divests this court of appellate jurisdiction. Accordingly, Devore's pro se motion was improper and was a nullity. *See Miller*, 388 S.C. at 347, 697 S.E.2d at 527 (vacating an order which ruled on an improper pro se motion, finding the motion to be a nullity, and dismissing the appeal from the order on the motion).