**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

The State, Respondent,

v.

Jake Dale Lake, Petitioner.

Appellate Case No. 2017-002372

---

**ON WRIT OF CERTIORARI TO THE COURT OF APPEALS**

---

Appeal From Lexington County
Roger M. Young Sr., Circuit Court Judge

---

Memorandum Opinion No. 2019MO030
Heard May 29, 2019 – Filed June 19, 2019

---

**REVERSED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant Attorney General William F. Schumacher IV, both of Columbia, and Solicitor S.R. Hubbard III, of Lexington, all for Respondent.

---

**PER CURIAM:**  We granted a writ of certiorari to review the order of the court of appeals dismissing Petitioner's appeal as untimely.  Because the State is precluded from advancing on appeal a position inconsistent with its position in the trial courts, we reverse and remand to the court of appeals to address Petitioner's direct appeal.

On October 4, 2012, Petitioner pled guilty while represented by counsel.  Five days later, on October 9, 2012, Petitioner filed a *pro se* motion to reconsider his sentence.  In March 2015, when no action had been taken on the motion to reconsider his sentence, Petitioner filed for post-conviction relief (PCR).  A hearing was then scheduled before the plea judge on the motion to reconsider the sentence.  By order filed April 28, 2016, the plea judge denied the motion on the merits while noting the October 9 motion was timely filed.[1]  At no time before the plea judge did the State challenge the propriety or timeliness of the October 9 motion.  On May 6, 2016, Petitioner served a notice of appeal from the April 28, 2016 order.  By consent, the parties agreed to dismiss the PCR action without prejudice and allow the direct appeal to proceed.  As part of the September 29, 2016 consent order, it was agreed that the October 9 motion was filed by Petitioner "through counsel."  As with the motion to reconsider, the State in the PCR action never argued the October 9 motion was untimely.

Following briefing in the court of appeals, the State reversed course and moved to dismiss the appeal as untimely.  Specifically, the State argued that Petitioner's October 9 motion should not have been accepted because he was represented by counsel but filed the motion *pro se*.  The court of appeals agreed with the State and held "the improper motion to reconsider did not toll the time for serving the notice of appeal."  Given the State's failure to challenge the propriety and timeliness of Petitioner's motion to reconsider the sentence before the trial courts, the court of appeals erred in dismissing the appeal.  We reiterate that the State acknowledged before the PCR court and plea court that Petitioner's motion to reconsider his

---

[1] A subsequent motion to withdraw the guilty plea filed on December 4, 2012, was denied as untimely.  *See* Rule 29, SCRCrimP.  That motion and its disposition are not part of this appeal.

sentence was "through counsel."  As with the motion to reconsider, the State in the PCR action never argued the October 9 motion was untimely.[2]

As a result, we reverse and remand to the court of appeals to address the merits of Petitioner's direct appeal.

**REVERSED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**

---

[2] We do not address two matters.  First we need not reach Petitioner's alternative argument that the *pro se* motion was warranted due to abandonment by plea counsel.  This issue was not developed in the lower court, primarily as a result of the consent order wherein the State acknowledged the motion was filed through counsel.  Second, we leave for another day whether the filing of a *pro se* motion to reconsider a sentence should ever constitute a procedural default.  The court of appeals relied on its decision in *State v. Devore*, 416 S.C. 115, 784 S.E.2d 690 (Ct. App. 2016).  In *Devore*, the court of appeals found a post-trial motion filed *pro se* by a convicted defendant represented by counsel was a procedural default, and dismissed a subsequent appeal as untimely.  416 S.C. at 120, 784 S.E.2d at 692. The *Devore* court relied on decisions of this Court arising in different procedural postures.  *See, e.g.*, *Miller v. State*, 388 S.C. 347, 347, 697 S.E.2d 527, 527 (2010) (holding a *pro-se* Rule 59(e), SCRCP, motion in a PCR case decided after the dismissal of direct appeal was a "substantive document[]" and "not to be accepted unless submitted by counsel").  Those cases did not involve any procedural default. *See, e.g.*, *State v. Stuckey*, 333 S.C. 56, 58, 508 S.E.2d 564, 564 (1998) (refusing to accept appellant's *pro se* initial brief for filing, and stating "substantive documents filed *pro se* by a person represented by counsel are not accepted unless submitted by counsel").