**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Christine Crabtree, Respondent,

v.

Donald Clinton Crabtree, Appellant.

Appellate Case No. 2018-001571

———————

Appeal From Sumter County
Thomas M. Bultman, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-111
Submitted March 1, 2021 – Filed April 7, 2021

———————

**DISMISSED IN PART AND AFFIRMED IN PART**

———————

Donald Clinton Crabtree, of Lynden, Washington, pro se.

Marian Dawn Nettles, of Nettles Turbeville & Reddeck, of Lake City, and Michael W. Self, of McDougall, Self, Currence & McLeod, LLP, of Sumter, both for Respondent.

———————

**PER CURIAM:** Donald Crabtree (Husband) appeals the family court's civil contempt order, which found Husband to be in willful, civil contempt for his failure to pay Christina Crabtree (Wife) alimony and child support as ordered in the family

court's amended final divorce decree. On appeal, Husband raises twenty-four issues; twenty-three of these issues are attempts to appeal rulings from the final amended divorce decree. Husband's twenty-fourth issue is the only appeal arising from the civil contempt order. In this issue, Husband asserts the family court erred by holding him in civil contempt because he did not willfully violate the amended final divorce decree by failing to pay Wife alimony and child support. We dismiss in part and affirm in part.

1. As to the twenty-three issues Husband raises from the final amended divorce decree, we find these issues are not within our appellate jurisdiction because (1) Husband's notice of appeal states he is appealing Judge Bultman's July 25, 2018 civil contempt order, not Judge Pincus' January 22, 2018 amended final divorce decree; (2) Husband only attached the civil contempt order to his notice of appeal, not the amended final divorce decree; and (3) even if Husband was attempting to appeal from the amended final divorce decree, such an appeal would not be timely because more than thirty days, at least six months, passed between Husband's receipt of the January 22, 2018 amended final divorce decree and Husband's service of the notice of appeal in this case on August 23, 2018. *See* Rule 203(b)(3), SCACR ("A notice of appeal in a domestic relations action shall be served in the same manner provided by Rule 203(b)(1)."); Rule 203(b)(1), SCACR ("A notice of appeal shall be served on all respondents within thirty (30) days after receipt of written notice of entry of the order or judgment."); Rule 203(d)(1)(B), SCACR ("The notice of appeal shall be filed with the clerk of the lower court and the clerk of the appellate court within ten (10) days after the notice of appeal is served. The notice filed with the appellate court shall be accompanied by the following . . . [a] copy of the order(s) and judgment(s) to be challenged on appeal if they have been reduced to writing . . . ."); Rule 203(e)(1), SCACR ("In appeals from lower courts, the notice of appeal shall contain the following information: (A) The name of the court, judge, and county from which the appeal is taken. (B) The docket number of the case in the lower court. (C) The date of the order, judgment, or sentence from which the appeal is taken . . . ."); *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 14–15, 602 S.E.2d 772, 775 (2004) ("The requirement of service of the notice of appeal is jurisdictional, *i.e.*, if a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal . . . ."). Furthermore, we note Husband has already appealed the amended final divorce decree, this court has issued an opinion in that prior appeal regarding Husband's twenty-three issues arising from that order, and a petition for a writ of certiorari is pending before the supreme court as to these issues. *See Crabtree v. Crabtree*, Op. No. 2020-UP-310 (S.C. Ct. App. filed Nov. 18, 2020). Therefore, we decline to consider these issues as they (1) are not within our appellate jurisdiction and (2) have already been considered by this court. Accordingly, we dismiss

Husband's appeal as to these issues. *See State v. Devore*, 416 S.C. 115, 123–24, 784 S.E.2d 690, 694–95 (Ct. App. 2016) (dismissing appellant's appeal for lack of appellate jurisdiction because a proper and timely notice of appeal was not filed).

2. As to whether the family court erred in holding Husband in civil contempt for willfully violating the amended final divorce decree by failing to pay Wife child support and alimony, we affirm. Initially, we find Husband abandoned this issue on appeal because he failed to cite to any supporting authority for his arguments as to this issue. *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (considering an issue abandoned because the appellant failed to provide pertinent argument or supporting authority).

Nonetheless, on the merits, we find Husband willfully violated the amended final divorce decree, which ordered him to pay Wife $1,600 in alimony and $1,404 in child support per month. Wife established a *prima facie* case of civil contempt and Husband did not meet his burden to establish a defense or inability to comply with the amended final divorce decree. *See S.C. Dep't of Soc. Servs. v. Johnson*, 386 S.C. 426, 435, 688 S.E.2d 588, 592 (Ct. App. 2009) ("Once a moving party makes out a *prima facie* case of contempt by pleading the order and showing its noncompliance, the burden shifts to the respondent to establish his defense and inability to comply."); *Daily v. Daily*, Op. No. 5801 (S.C. Ct. App. filed Feb. 10, 2021) (Shearouse Adv. Sh. No. 5 at 29, 41) ("The burden of proof for civil contempt is clear and convincing evidence."). Wife established a *prima facie* case of contempt by having the family court take judicial notice of the amended final divorce decree, which ordered Husband to timely pay Wife child support and alimony, and providing the family court with Sumter County Clerk of Court records showing Husband owed her $296.80 in child support and $7,255.75 in alimony at the time of the hearing on the rule to show cause.[1]

As noted by the family court in its civil contempt order, Husband did not establish his inability to comply with the clear order requiring him to pay alimony and child support in the amended final divorce decree. The evidence showed Husband continued to try to start his own software business for three years instead of searching for a job commensurate with his extensive education and work experience, resulting in Husband having little to no income. During this extended period of unemployment, Husband made only sporadic payments of child support and alimony. He testified if Wife had not filed a petition to show cause, he would not

---

[1] At the time Wife filed her petition to show cause, Husband owed her $2,148.40 in child support and $3,895.75 in alimony.

have made any payments until the parties' house in Washington State sold. Thus, evidence supports the finding that Husband has been voluntarily unemployed for three years, and based on his own testimony, he has not made good faith efforts to pay the court ordered support obligations to Wife during this period of voluntary unemployment. As such, we find his failure to pay Wife child support and alimony willful. *See Moseley v. Mosier*, 279 S.C. 348, 351, 306 S.E.2d 624, 626 (1983) ("Contempt occurs when a parent ordered to pay child support voluntarily fails to pay. When the parent is *unable* to make the required payments, he is not in contempt."); *Smith-Cooper v. Cooper*, 344 S.C. 289, 301, 543 S.E.2d 271, 277 (Ct. App. 2001) (finding a husband's failure to comply with court ordered support obligations was not willful because (1) the husband was unable to pay as ordered due to *involuntary* periods of unemployment, (2) he continued to pay the obligations to the extent he was able during these periods of involuntary unemployment, and (3) he had a job at the time of the contempt hearing and was willing to pay the amount owed to his ex-wife in accordance to a court ordered schedule); *see also Kelley v. Kelley*, 324 S.C. 481, 489, 477 S.E.2d 727, 731 (Ct. App. 1996) (providing in imputed income cases, courts "closely examine the payor's good-faith and reasonable explanation for the decreased income," and "[e]fforts to frustrate support obligations are not tolerated, *nor are prolonged periods of unemployment generally countenanced*" (emphasis added); *id.* ("[C]ourts are reluctant to invade a party's freedom to pursue the employment path of their own choosing or impose unreasonable demands upon parties. *Nonetheless, even otherwise unreviewable career choices are at times outweighed by countervailing considerations, particularly child support obligations*. (internal citations omitted) (emphasis added)).

Finally, we note Husband argues the family court's June 26, 2018 consent order[2] permitted him to sell the parties' Washington house and Wife to reach into her Roth IRA to support herself and the parties' four minor children until Husband sold the Washington house, at which time he would he would pay Wife the child support and alimony he owed. However, there is no evidence the consent order obligated Wife to use her own Roth IRA funds to cover Husband's support obligations for some unknown amount of time until he sells the Washington house, nor is there any evidence the consent order relieved Husband of his support and alimony obligations as set forth in the amended final divorce decree. Accordingly, there is clear and convincing evidence that Husband willfully violated the final amended divorce

---

[2] Appellant did not include this order in the record on appeal.

decree by failing to pay Wife child support and alimony as ordered.  We therefore affirm the contempt ruling.

**DISMISSED IN PART AND AFFIRMED IN PART.**[3]

**WILLIAMS, THOMAS, and HILL, JJ., concur.**

---

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.