**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shedrick A. Savage, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2021-001556

―――――――――

Appeal From Spartanburg County
H. Steven DeBerry, IV, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2024-UP-050
Submitted January 1, 2024 – Filed February 7, 2024

―――――――――

**APPEAL DISMISSED**

―――――――――

Appellate Defender Lara Mary Caudy, of Columbia, for Petitioner.

Senior Assistant Attorney General Mark Reynolds Farthing and Assistant Attorney General Suzanne J. Shaw, both of Columbia, for Respondent.

―――――――――

**PER CURIAM:** Petitioner seeks a writ of certiorari from an order of the circuit court denying his application for post-conviction relief (PCR) but finding he was

entitled to a belated review of his direct appeal issue pursuant to *White v. State*, 263 S.C. 110, 208 S.E.2d 35 (1974).

Because there is sufficient evidence to support the PCR court's finding that Petitioner did not voluntarily, knowingly, and intelligently waive his right to a direct appeal, we grant certiorari on Petitioner's Question 1 and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).  We deny certiorari on Petitioner's remaining Question.[1]

After careful review of Petitioner's brief and the record pursuant to *Anders v. California*, 386 U.S. 738 (1967), we dismiss Petitioner's direct appeal.  Counsel's motion to be relieved is granted.

**APPEAL DISMISSED.**[2]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] Petitioner's pro se *Anders* brief also raised an additional PCR issue.  While we have carefully reviewed the *Anders* issue Petitioner raised concerning his direct appeal, we have not considered his arguments regarding the PCR question.  *See Miller v. State*, 388 S.C. 347, 347, 697 S.E.2d 527, 527 (2010) ("Since there is no right to 'hybrid representation' that is partially *pro se* and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed *pro se* by a person represented by counsel are not to be accepted unless submitted by counsel.").

[2] We decide this case without argument pursuant to Rule 215, SCACR.