558 S.E.2d 517

**Nathaniel H. JONES, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

Jan. 10, 2002.

## ORDER

Counsel for petitioner has filed a petition for a writ of certiorari from the denial of petitioner's application for post-conviction relief. Petitioner filed a motion asking the Court to allow him to file a *pro se* amended petition for a writ of

14

certiorari despite the fact that he is represented by counsel. *See Foster v. State,* 298 S.C. 306, 379 S.E.2d 907 (1989). However, while the motion was pending, counsel for petitioner submitted the amended petition for a writ of certiorari on petitioner's behalf along with a letter stating he does not believe any of the issues in the amended petition are relevant but that he was submitting the amended petition at petitioner's request.

There is no constitutional right to hybrid representation either at trial or on appeal. *Foster v. State, supra.* At the appellate stage, particularly, succinct, relevant legal arguments are most likely to be persuasive. Counsel is best able to use professional judgment to determine which arguments are relevant and should be presented for appellate review. While counsel may choose to submit arguments urged by his client, counsel has an obligation to review those arguments for possible relevance and merit before submitting them. In other words, counsel cannot serve as a mere conduit for *pro se* documents in an effort to avoid the prohibition against hybrid representation and the displeasure of his client. As stated by the Supreme Court of Pennsylvania, when faced with a situation similar to this one,

> [t]ails should not wag dogs. Merely because an appellant believes that the irrelevant is relevant is no reason to turn the system on its head and solemnly contemplate the wisdom of a person who does not have the sense to be guided by experts in an area where he himself possesses no expertise.

*Commonwealth v. Ellis,* 534 Pa. 176, 626 A.2d 1137, 1140 (1993).

Therefore, while we have considered the *pro se* amended petition for a writ of certiorari forwarded to the Court in the case at hand, in the future we will not accept *pro se* filings simply forwarded through counsel. Counsel shall instead use professional judgment in reviewing the documents and shall submit the client's arguments only if relevant and only after they have been edited by counsel for review by the Court.

The petition for a writ of certiorari and the amended petition for a writ of certiorari are denied.

IT IS SO ORDERED.

/s/ JEAN H. TOAL, C.J.

/s/ JAMES E. MOORE, J.

/s/ JOHN H. WALLER, JR., J.

/s/ E.C. BURNETT, III, J.

/s/ COSTA M. PLEICONES, J.