639 S.E.2d 35

**Franklin DENNISON, Petitioner,**

v.

**STATE of South Carolina, Respondent.**

Supreme Court of South Carolina.

Dec. 6, 2006.

222

## ORDER

By order dated August 31, 2006, this post-conviction relief (PCR) matter was dismissed due to petitioner's failure to submit an explanation pursuant to Rule 227(c), SCACR, why the lower court's finding was improper. Counsel for petitioner has now filed a petition for reinstatement and a motion to be relieved as counsel and for the appointment of new counsel.

These motions are a result of counsel's concerns regarding the potential ethical dilemma presented by the requirement for an explanation under Rule 227(c) when a good faith argument or explanation does not exist. We understand

counsel's concerns, but find, based on Rule 71.1, SCRCP, Rule 227, SCACR, and the Rules of Professional Conduct, Rule 413, SCACR, that counsel's duties can be fulfilled without violating the Rules of Professional Conduct.

A final decision entered under the PCR Act shall be reviewed according to the procedure specified by Rule 227, SCACR. Rule 71.1(g), SCRCP. "If an applicant represented by counsel desires to appeal, counsel shall serve and file a Notice of Appeal as required by Rule 227, SCACR, and shall continue to represent the applicant on appeal unless automatically relieved under Rule 602, SCACR, or allowed to withdraw under Rule 235, SCACR." *Id.* If the applicant is indigent, counsel shall assist the applicant in obtaining representation by the Division of Appellate Defense. *Id.*

 Unlike review of a conviction, which is by direct appeal and is a constitutional right, review of a decision in a PCR matter is discretionary by way of a writ of certiorari. We find it is appointed counsel's duty in PCR matters to serve and file the notice of appeal. Thereafter, if counsel does not have a good faith explanation to provide pursuant to Rule 227(c), counsel shall provide the Court with a letter stating that as an officer of the Court, counsel is unable set forth any arguable basis for asserting the determination by the PCR judge that the PCR application was successive and barred by the statute of limitations was improper. Counsel shall further advise the petitioner by copy of the letter that the petitioner should notify the Court, no later than twenty (20) days from the date of the letter, of any arguable basis the petitioner may wish to assert that the determination that the PCR application was successive and barred by the limitations was improper. Although, generally, a petitioner would not be allowed in such situations to submit a *pro se* explanation, *see Jones v. State*, 348 S.C. 13, 558 S.E.2d 517 (2002)(counsel cannot serve as a mere conduit for *pro se* documents in an effort to avoid the prohibition against hybrid representation and the displeasure of his client) and *Foster v. State*, 298 S.C. 306, 379 S.E.2d 907 (1989)(no right to hybrid representation), we will allow a *pro se* explanation in the situation described above.

In the case at hand, we grant the petition for reinstatement and give petitioner twenty days from the date of this order to

224

submit a *pro se* explanation pursuant to Rule 227(c). However-er, we deny the motion to be relieved as counsel and to appoint new counsel. In the event petitioner's *pro se* explanation is found to be sufficient to allow the appeal to proceed, counsel will be required to assist petitioner in obtaining representation by the Division of Appellate Defense.

IT IS SO ORDERED.

JEAN H. TOAL, C.J., JAMES E. MOORE, JOHN H. WALLER, JR., E.C. Burnett, III, and COSTA M. PLEICONES JJ.